SPRINGER vs. CABELL.

One partner cannot sue another at law for any matter connected with the partnership business, until a settlement of the partnership.

ERROR to Chariton Circuit Court.

DAVIS, *for Plaintiff in error, insists:*

That upon the evidence no recovery can be had by Cabell; he being the partner of plaintiff, in the purchase and sale of lands for a term of five years, when the money was advanced, spoken of by the witness. See 5 Mo. Rep., 112.

That when the case was submitted to the Circuit Court, it ought to have found the issue, either for plaintiff or defendant, before making an order, or judgment, as in case a jury had been empannelled.

#### Abell, *for Defendant in error:*

1. The letter introduced by plaintiff, and objected to by defendant, was properly admitted as evidence, tending to prove defendant's indebtedness; but if it was improperly admitted, defendant waived it, in not moving for a new trial on that ground.

2. The instruction asked, was properly refused. It asked the court to withdraw from the jury the whole case, when the facts to be determined, were proper for the consideration of the jury. Hughes vs. Ellison, 5 Mo Rep., 110.

3. If the instruction asked, was properly refused, and the objection to the evidence in the letter waived, then the court was called on to decide no other point of law, until after the verdict; and after verdict it is too late to raise an objection, that the subject matter of the suit was a partnership transaction. See Smith vs. Allen, 18 J. R., 245; Waldo vs. Russell, 5 Mo. R., 387.

4. If a partnership in land can be formed, it must be in writing, or it cannot be enforced; it is within the statute of frauds. But it is contended, that a partnership cannot be formed in land, subjected to all the rules of law, governing ordinary partnerships. See Baker vs. Wheeler, 8 Wend., 505; Coles vs. Coles, 15 J. R., 159 and 160. But if such a partnership could be made, in this case only one matter was to be settled between the parties, and the matter can be settled at law. See Musier vs. Trombour, 5 Wend., 274; 8 Mo. Rep., 574; Byrd vs. Fox.

5. In this case, the most that can be contended for, is that there was a verbal agreement between the parties to form a partnership in land, which was to be reduced to writing by them. The verbal agreement was wholly rescinded by the act of defendant, in refusing to execute the written agreement. But before the whole matter was rescinded, one advances to the other money for a specific purpose, which he misapplies and converts to his own use;—whether partners or otherwise, damages can be recovered in a suit at law for the money, &c. See Gow on Partnership, 75 and 76; Dunham vs. Gillis, 8 Mass., 462; Thomas vs. Pyke, 4 Bibb, 418; Byrd vs. Fox, 8 Mo., 574.

#### Napton, J., *delivered the opinion of the Court.*

Cabell brought an action of assumpsit against Springer, the declaration containing one general count for work and labor, money lent, &c. The general issue was pleaded. The cause was submitted to the Circuit Court. The plaintiff read in evidence a letter from Springer, dated St. Louis, Dec. 10, 1844, in which he told plaintiff, that if he continued his suit against him, he would never pay him one cent, but if he would withdraw it, he would get him a tract of land worth government price. Charles Cabell, a witness for the plaintiff, testified, that he was present at a conversation between plaintiff and defendant, from which he learned, that they had entered into an agreement to be partners for the term of five years, in the buying and selling of lands; that they were to be equally interested in the profits and losses attending said business; that

in pursuance of this agreement they took a trip to Virginia; that during said trip, plaintiff advanced to defendant some money to purchase a tract of land in Chariton county, near Brunswick; that this land was to be purchased in the name of the plaintiff; that defendant had purchased the land with his horse, saddle and bridle, and the money advanced by plaintiff, and had taken the deed to Abraham Springer, a brother of defendant; that the consideration for the land was estimated at about $150, or $160. At the time of this conversation, the witness and plaintiff had prepared a written agreement to be signed by plaintiff and defendant, containing as the witness understood, the substance of the verbal agreement made before the Virginia trip; but the defendant refused to sign the same, giving as a reason therefor, that the plaintiff was embarrassed in his pecuniary affairs, and that this circumstance would operate against him, (defendant,) in the land business. This witness further stated, that he learned from some conversation between the parties, that plaintiff had advanced a horse to defendant during the time of their absence in Virginia, and that defendant had exchanged that horse for a tract of land in Chariton county. The original agreement between these parties, the witness thought, was made as early as 1843. Another witness testified, that he had heard defendant admit, that he had received some money from plaintiff, and that with the money so received, and his own horse, saddle and bridle, he had purchased the tract of land near Brunswick; that the whole consideration for said tract was between $120 and $150; that he also heard defendant say, that he and plaintiff were in partnership in the purchase of said land.

This was all the evidence offered, and upon this state of facts, the defendant called upon the court to decide that the plaintiff could not recover. But the court found a verdict for the plaintiff for $148, and gave judgment for the same.

It was determined by this Court, in the case of Stotherts vs. Knox, (5 Mo. R., 112,) that one partner cannot maintain assumpsit against another, whilst the partnership concerns remain unadjusted. The case of Byrd vs. Fox, (8 Mo. R., 574,) is only an exception to this general principle, in which the reason whereon the rule was founded, could have no operation. In the present case, all the transactions between the parties upon which this suit is sought to be maintained, grew out of the partnership for five years, in which both plaintiff and defendant were to share equally the profits and losses. It does not appear whether the speculations were profitable or worthless, and the verdict of the Circuit Court appears to be simply for the return of the money supposed to have been

advanced by one partner, without any regard to the results of the speculation in which it was invested. Such a verdict must be manifestly unjust to the plaintiff, if the lands purchased with the partnership money have proved greatly more valuable than the consideration given, and the verdict would not do less injustice to the defendant, if, on the other hand, these lands turned out to be valueless. Hence the propriety of settling these unadjusted partnership transactions in another forum.

Judgment reversed.