BERNARD SMITH, Respondent, v. ANDREW SMITH, Appellant.

*Partnership—Accounts.*—While the accounts of the partnership remain unadjusted, one partner cannot recover of the other any money received on partnership account.

### Appeal from St. Louis Law Commissioner's Court.

This was an action instituted before a justice of the peace, on the following account:

" 1855.—Andrew Smith to Bernard Smith, Dr. To amount of cash due Bernard Smith by defendant as plaintiff's portion of cash, by defendant received for work done on North Missouri Railroad, section 24, in St. Charles county, ninety dollars; interest on same since 1st January, 1856, 3 years and 9 months."

There was a trial before the justice, which resulted in favor of defendant, from which an appeal was taken to the Law Commissioner's Court, where, on trial had, the testimony of both parties showed that the parties to this suit, with one Bernard Murphy, entered into copartnership for the joint prosecution of the work in section 24 of North Missouri Railroad, to share equally in loss or gain; that, in pursuance of the articles of copartnership, the partners commenced the prosecution of the work; that plaintiff remained on the work about two months, when he left of his own accord, for the reason, as he assigned, that there was not sufficient money coming out of the work. The work was afterwards prosecuted till finished by the defendant and the other partner, Murphy.

The defendant asked the following instruction, which was refused:

"The jury are instructed that one partner cannot maintain an action, like the present, against another partner whilst the partnership concerns remain unadjusted, or until a settlement of the partnership is had."

The court gave the following instructions at defendant's instance:

1. If the jury believe from the evidence that, by the terms of articles of agreement between plaintiff and defendant, plaintiff was to attend on the work from day to day, and that, in violation of said agreement, plaintiff abandoned the work, plaintiff cannot recover any profits accruing from said work after his said abandonment.

2. If the jury find from the evidence that plaintiff, with defendant and Bernard Murphy, entered into partnership to perform certain work on North Missouri Railroad; that in pursuance of said partnership the said parties proceeded to prosecute said work; that plaintiff before the termination of the work for the performance of which said partnership was formed, without good cause, left and abandoned said work, then plaintiff cannot recover any profits of said work made or accruing after the time when plaintiff left.

*E. T. Farish*, for appellant.

The principal question in this case grows out of the instruction asked by the defendant and refused by the court; that is, that one partner of a firm associated together for the joint prosecution of work, cannot, whilst the affairs of the partnership remain unadjusted, or before a settlement is had, bring an action of assumpsit against his copartner for his portion of cash received for the work so performed; that a suit for a settlement, of which a justice of the peace, as in this case, would have no jurisdiction, is plaintiff's only remedy. That this action, under the facts preserved in the record, cannot be maintained. (Stothert v. Knox, 5 Mo. 112; Springer v. Cabell, 10 Mo. 640.)

BATES, Judge, delivered the opinion of the court.

The first instruction asked by the defendant should have been given. The proper action was for a settlement of the partnership accounts.

Until the accounts are settled, the plaintiff cannot recover a portion of the money received by the defendant on the partnership account. (Springer v. Cabell, 10 Mo. 640.)

Judgment reversed. Judges Bay and Dryden concur.