Lengle v. Smith.

------

S. S. LENGLE, Defendant in Error, *v.* G. W. SMITH, Plaintiff in Error.

1. *Partnership, what constitutes — Action founded on, nature of suit in.*— A. and B. entered into a contract for the purchase and sale of hogs and cattle. A. was to contribute his services in collecting the stock. B. was to furnish the capital. They were to divide the profits. No special contract was made as to the losses. *Held,* that a community of profits made them jointly liable for the losses; that they were partners, and that suit by A. for his proportion of the profits should have been an application to court for a settlement of partnership accounts, analogous to a late proceeding in chancery.

2. *Practice, civil — Appeal — Affidavit should be filed, when.*—When the affidavit and bond for an appeal were not filed during the term at which judgment was rendered, the appeal should be dismissed. (Gen. Stat. 1865, ch. 172, § 11; Wagn. Stat. 1059, § 11.)

*Error to First District Court.*

*G. W. Miller,* for defendant in error.

*Wright & Snoddy,* for plaintiff in error.

Bliss, Judge, delivered the opinion of the court.

The petition states that the plaintiff and defendant entered into a contract for the purchase and sale of hogs and cattle; that the plaintiff was to give his personal services to their purchase; that defendant was to advance the purchase money, receive them when purchased, and ship them to market for sale; and " that, when the cattle and hogs were so sold, the net profits arising therefrom should be equally divided between plaintiff and defendant, share and share alike." The petition further sets out the amount of the purchases and sales, charges the net profits to have been $4,200, half of which belonged to the plaintiff, and asks judgment for damages for withholding the amount from him. The answer denied all the allegations of the petition, and set up sundry counter-claims which were denied by the reply. The case was submitted to a jury like an ordinary action at law, and the plaintiff recovered judgment for some $800. The defendant, upon appeal, attacks the judgment, principally because the petition shows that the parties to the suit were partners, and hence the plaintiff mistook his remedy; while the plaintiff claims that there was no partnership, and also objects to the regularity of the appeal.

The plaintiff and defendant were partners. The one gave his services in buying and collecting the cattle and hogs; the other gave the use of the necessary capital; and they were to divide the profits. This community in the profits made them liable for the losses, there being no special contract in regard to them. Thus were they partners both in the profits and losses of the adventure. (Meyers v. Field, 37 Mo. 434; Whitehill v. Shickle, 43 Mo. 537.) The petition should have been an application to the court for a settlement of the partnership accounts, analogous to a late proceeding in chancery. But both parties, during the pending

of the case in the Circuit Court, treated the action as one at law; and the motion for a new trial and in arrest showed no other view of the case. Whether this failure by the defendant to take advantage of the plaintiff's mistake in regard to his remedy will not estop him from now urging it we will not consider, for the reason that defendant has failed to bring his case properly before us. The record proper contains no allowance of an appeal, and the affidavit and bond were not filed until some months after the adjournment of the court. The statute provides (Gen. Stat. 1865, ch. 172, § 11) that the appeal shall be made and the affidavit filed during the term at which the judgment was rendered; and for not having complied with the statute the appeal should have been dismissed.

At the last term of this court a motion was made to dismiss for this reason, but at the same time the appellant suggested diminution and asked for a more perfect record, and the motion was overruled. The new record does not help him; and the judgment of the District Court, affirming that of the trial court, is affirmed. The other judges concur.