————O————

BENSON BOND, Defendant in Error, *vs.* LUKE W. BEMIS, Plaintiff in Error.

1. *Partnership—Action at law will not lie between.*—The law is well settled, that one partner cannot maintain an action at law against his co-partner for money paid on account of the indebtedness of the firm.

*Error to Clay Circuit Court.*

*D. C. Allen,* for Plaintiff in Error

ADAMS, Judge, delivered the opinion of the court.

This was an action on a promissory note for five hundred dollars.

The note is a negotiable note and reads as follows:

($500.00.)                    ST. LOUIS, October 27th, 1868.

Thirty days after date, I promise to pay to the order of Benson Bond, Five Hundred Dollars for value received, negotiable and payable without defalcation or discount at ——————————.

                                   L. W. BEMIS.

On which note the name of the plaintiff "Benson Bond" appears to have been indorsed in blank.

The defendant by way of answer to plaintiff's petition founded on his note, substantially set up the averment that prior to the making of said note, he and plaintiff had been in partnership in business in the City of St. Louis, and that the firm was indebted to the amount of some eight thousand dollars; and that the plaintiff retired from the firm under an agreement

that the debts due from the firm were to be renewed in the name of the defendant with the plaintiff as indorser, but that they were still to remain the debts of the firm till paid off; and defendant was to carry on the business in his own name for himself, and collect the assets of the firm and pay the debts; that, being pressed for money to pay some debts, they applied to the National Bank of the State of Missouri for five hundred dollars, and borrowed that amount of that bank, and gave the promissory note in suit for the same, with said defendant as principal and the plaintiff as indorser; that this money was paid to the defendant and he paid it over on said debt of said firm. He then charges in substance, that this debt to the bank was a firm debt, and if paid by the plaintiff is still one of the firm debts and must be adjusted on final settlement; that no settlement has yet been made nor any balance struck of their partnership matters. The court on motion of plaintiff struck out this answer as forming no defense to plaintiff's petition. And to this action of the court the defendant excepted. The court thereupon rendered a final judgment against defendant for the amount of the note, and the defendant filed motions for a new trial, &c., which were overruled and exceptions duly saved.

The law is well settled, that one partner cannot maintain an action at law against his co-partner for money paid on account of the indebtedness of the firm. Such debts can only be adjusted on a final settlement between the partners; and a suit in chancery is the proper remedy. This note, though standing in the name of the defendant as maker, and plaintiff as payee, was from the allegations of this answer the note of the firm, given to raise money to meet their liabilities. When the plaintiff took up the note, if the facts stated in the answer be true, the firm became liable to him for the amount; but whether anything would be due to him, after taking into consideration all the debts and liabilities of the firm, and the payments which each member may have made, could only be ascertained by a final settlement.

In my judgment the answer set up facts sufficient to con-

stitute a legal bar to the plaintiff's recovery, and the court erred in striking it out.

Judgment reversed and cause remanded. The other judges concur.