DONNELL v. HARSHE, *Plaintiff in Error.*

**Partnership**, WHAT DOES NOT CONSTITUTE. The occupancy and culti-
vation by one of the farm of another, under an agreement that the
crops raised shall be divided between them in a certain proportion,
does not necessarily constitute them copartners.

*Error to St. Francois Circuit Court.*—HON. WILLIAM CAR-
TER, Judge.

This was a suit upon an account for materials used
and labor done, in the repair of a house. The answer de-
nied the allegations of the petition, and set up a counter
claim. The replication denied all the allegations of the
answer in reference to the counter claim, and further
alleged that the counter claim and demand of defendant
grew out of and was connected with the business of a co-
partnership, which remained wholly unsettled and unad-
justed, and that the copartnership had never been dissolved
but was still in full force.

*Nalle & Bush* for plaintiff in error.

The instruction given by the court in behalf of the
plaintiff, is an anomaly in our jurisprudence, without foun-
dation or analogy in the jurisprudence of the other States,
or of the mother country. *Campbell v. Dent*, 54 Mo. 325;
Collier on Partnership, pp. 3, 23, 25; *Stoullings v. Baker*,
15 Mo. 481.

A partner has a right to withdraw, and thereby dis-
solve the copartnership, at any time, and at his pleasure.
The instruction, in assimilating tenancies to partnerships,
would give the parties to a tenancy the same right to with-
draw and dissolve the tenancy, as a partner would have.

*Carter & Clardy* for defendant in error.

The instruction, of which defendant complains, is un-

objectionable.   Story on Partnership, p. 4. Sec. 4;  *White-hill v. Shickle*, 43 Mo. 537 ;  *Maclay v. Freeman*, 48 Mo. 234; *McKnight v. McCutchen*, 27 Mo. 436.

NAPTON, J.—The principal and decisive question in this case is the propriety of the following instruction given by the court.   " The court instructs the jury that a co-partnership is an agreement between two or more persons of sufficient capacity to contract, to carry on a given busi-ness and share the profits of such business; and, if the jury believe from the evidence in this case that there was either a verbal or written agreement between the plaintiff and Emeline Harshe, by which the former was to occupy and cultivate the farm of said Emeline Harshe for any given length of time, and that each was to receive a moiety or share of the crops raised or grown thereon under such agreement, then such farming was a co-partnership busi-ness, and belongs to another adjustment, and must be set-tled or adjusted in a different form of action, and cannot be made available in this action ; and, if they find that the matters embraced in defendant's account were con-nected with or arose out of such business, they will ex-clude all evidence of such account from their minds," &c. The evidence in the case is not stated in the bill of excep-tions, but it is stated that evidence was offered tending to prove that plaintiff and defendant entered into an agree-ment by which plaintiff was to cultivate a farm of defend-ant, lying in St. Francois county, on shares; that plaintiff and defendant were each to defray one moiety of the ex-penses attending such cultivation of said farm, and were to share equally in the profits thereof.   The instruction asserts, as a matter of law, that the occupancy and culti-vation by one of the farm of another, under an agreement that the owner and occupant will divide the crops raised in an agreed proportion, constitutes the owner and occu-pant co-partners.   This is probably a very common mode of leasing farms in this State, but the proprietor and occu-

pant might be equally surprised to be informed that they were partners.

A definition of partnership, broad enough to embrace all cases and narrow enough to exclude such as ought to be excluded, has been found a very difficult and embarrassing task to those writers who have published books on the subject. The courts have been embarrassed also in nice refinements about partnerships *per sese*, and partnerships which are only as to creditors. Indeed, Judge Story, after a prolonged examination of these distinctions, seems to conclude that the intention of the parties ought to be the controlling circumstance to determine their relations, and, therefore, where the profits and losses are to be shared by the parties in fixed proportions, and, to use his language, "each is intended to be clothed with the powers and rights and duties and responsibilities of a principal, either as to the capital stock or the profits, or both, there may be a just ground to assert, in the absence of all controlling stipulations and circumstances, that they entered a partnership." This, it will be perceived, is quite indefinite.

It is essential to a partnership that there be a community of interest in the subject of it, and this community of interest must not be that of mere joint tenants or tenants in common. When the effect of the agreement is, as propounded in the instruction, that one should occupy and cultivate the farm, and the crops should be divided equally between the occupant and the owner, no partnership is necessarily intended or created. In the case of *Dry v. Boswell*, (1 Camp. 329,) where there was an agreement between the owner of a lighter and a lighterman, that the lighterman should work the lighter, and the gross earnings should be equally divided between him and the owner, Lord Ellenborough held that this was only a mode of paying the lighterman his wages, and was not a participation in profits and loss, and no partnership existed. So in *Ambler v. Bradley*, (6 Vt. 119). A owned a saw mill and

agreed with B that the latter should work it, and divide the gross earnings equally; they were held not to be partners. In *Putnam v. Wise*, (1 Hill's Rep. 234,) an agreement between the owner of a farm and the occupier, that the latter should work it on shares, and a division be made of the gross earnings of the farm, was held not to be a partnership. In *Dwinel v. Stone*, (30 Me. 384,) it was held that a mere participation in profit and loss does not necessarily constitute a partnership. "There must be," said C. J. Shipley, "such a community of interest as empowers each party to make contracts, incur liabilities, manage the whole business and dispose of the whole property, a right which upon the dissolution of the partnership by death of one, passes to the survivor, and not to the representatives of the deceased." In *Caswell v. Districh*, (15 Wend. 379,) the court held an agreement between landlord and tenant, that the tenant should sow certain kinds of grain, and yield a certain portion of each crop to the landlord, made them tenents in common with the crops. In *Denny v, Cabot*, (6 Met. 82,) an agreement was made between H and B, by which H was to supply B with stock to be manufactured into cloth, at his mill, on H's account, and B was to manufacture the stock into cloth and to deliver the cloth to H at a certain sum per yard, and H could pay him one-third part of the net profits of the business, and this was held not to make A and B partners. In *Harrower v. Heath & Cole*, (19 Barb. 331,) an agreement similar to the one to establish which proof was offered in the present case, was held to constitute the owner and occupiers tenants in common, both of the farm and the crops. And in *Johnson v. Hoffman*, (53 Mo. 504,) a similar contract was held to make the landlord and tenants merely tenants in common of the crops and not of the farm. It is useless, however, to multiply authorities on this subject, as hardly any two cases are exactly alike, and very slight shades of distinction lead to different conclusions. The instruction was erroneous, as we think, and the judgment must, therefore,

be reversed.  As there appears in the record a long ac-
count on each side, it would be greatly more convenient,
and probably more likely to produce a just result if a ref-
eree could be appointed; but this is a matter which, under
our statute, depends on the consent of parties or the dis-
cretion of the circuit court.  Judgment reversed and case
remanded.  The other judges concur.

REVERSED.