STATE OF MISSOURI, EX REL. J. W. OVERSTREET ET AL., Appellant, v. JOHN FINN ET AL., Respondents.

### March 14, 1882.

1. Participation in the profits and losses of a firm does not necessarily vest in the participator such an interest in the firm property as will subject it to seizure under execution for his individual debts.

2. The presumption arising from a participation in the profits and losses may be rebutted by proof of the real agreement between the partners and of facts showing that the debtor partner had no interest in the firm property.

3. If there is nothing from which it can be ascertained what the trial court's findings of fact were, the giving of an erroneous declaration of law is ground for a reversal.

APPEAL from the St. Louis Circuit Court, THAYER, J. *Reversed and remanded.*

DYER & ELLIS, for the appellant: Farris had no interest in the partnership property at the time of the levy of the execution, of which fact the sheriff had due notice, and hence the levy was tortious.— *Gillham* v. *Kerone*, 45 Mo. 487; *Rapp* v. *Vogel*, 45 Mo. 529. One who shares the profits and losses of a firm is not, therefore, necessarily a partner in the property of the firm.— *Donnell* v. *Harshe*, 67 Mo. 173; *Musser* v. *Brink*, 68 Mo. 249; *Dwinell* v. *Stone*, 31 Me. 386; *Conklin* v. *Bartow*, 43 Barb. 438; *Blanchard* v. *College*, 22 Mass. 151.

JOHN F. WIELANDY and R. W. JONES, for the appellant.

E. T. FARISH and H. W. BOND, for the respondents : Where one party furnishes capital and another contributes services upon agreement to share equally in the net profits of the undertaking, they thereby become partners; this community in the profits, in the absence of a special contract as to the losses, makes them partners both in the profits and losses of the adventure.— *Maclay* v. *Freeman*, 48 Mo. 234; *Lengle* v. *Smith*, 48 Mo. 276; *Whitehill* v. *Shickle*, 43 Mo. 537. An execution against one member of a firm may be levied upon his entire interest in the firm assets, or upon his interest in any portion thereof.— *Wiles* v. *Maddox*, 26 Mo. 77.

LEWIS, P. J., delivered the opinion of the court.

Defendant Finn, as sheriff of the city of St. Louis, to satisfy an execution in his hands, in favor of W. E. Storer and others against W. D. Farris, levied upon and seized a horse and buggy and certain money and office furniture in possession of the partnership firm of Overstreet, Farris & Co., composed of the relators in this proceeding and the said Farris. The relators, claiming that the property was exclusively theirs, and that Farris had no leviable interest therein, instituted this suit against the sheriff and the sureties on his official bond, for the wrongful seizure. The court, sitting as a jury, rendered judgment for the defendants.

There was testimony tending to show that Farris, the execution debtor, had put no money or property into the firm, but went into it under an agreement with the other members, that he should contribute to the business his time, labor, and influence, and should be entitled to one-fifth part of the net profits of the concern ; that he drew out his share in the profits as fast as they accrued, and frequently overdrew his account, which was overdrawn when the levy was made, so that his interest in the partnership, at that time,

was merely nominal, and of no value whatever.  It appears that the relators, in order to avoid an interruption of their business, gave to the sheriff a certified check for $675, whereupon the officer released the several articles of property levied upon, and made his return on the execution, setting forth the levy and release, with the further fact that he had levied upon the check described — the amount of which was sufficient to cover the amount due on the execution. There was some contradictory testimony as to the terms upon which this check was handed over, but it sufficiently appears that the check was, in some sort, to represent the property released, and its ultimate disposition was to abide the result of any litigation which should determine the execution debtor's interest in the property.

At the defendants' instance the court instructed thus : "The court declares the law to be, that if the evidence shows that W. D. Farris was one of five persons equally interested in the profits and losses of a partnership engaged in a live stock commission business, then the interest of said Farris in the property constituting the assets of said firm is the subject of levy under an execution against him in favor of a private creditor ; and that, if plaintiffs agreed that the officer having said execution should apply a certified check for the amount of same and costs, in case it turned out that the execution debtor had an interest in said partnership business subject to levy, and if from the proof it appears that said Farris was interested in said partnership business, as above stated, then plaintiffs would be debarred of any right to recover the amount of the check given thereunder."

This instruction was erroneous.  According to the authorities, the mere fact of participation in profits and losses of a business firm does not necessarily vest in the participator such an ownership or interest in the property of the association as will subject it to seizure under execution for his individual debt.  An interest in profits and losses will raise a presumption of interest in the property or materials which

are instrumental in producing or causing such profits and losses. But this presumption may be rebutted by proof of the real agreement between the partners, and the extent of the debtor partner's presumptive interest may be so reduced by proof of his existing relations with the firm, as to leave absolutely nothing whereon a levy can be made. Such were the tendencies of the proofs in this cause, which were wholly ignored by the instruction.

In *Gillham* v. *Kerone* (45 Mo. 487), the defendant, a constable, had levied an execution on property belonging to a firm for the debt of one of the partners. In replevin by the other partner it was held that he was entitled to show that the interest of the debtor partner was merely nominal and of no value. Said the court: " It would seem to be but the plainest justice to the solvent parties, that the value of their insolvent associate's firm interest should be ascertained and settled before they should be required to contribute from the partnership effects to the payment of his private debts." It was further declared that " the execution debtor's interest in the firm, and its value, or want of value, were facts to be proved like other facts," and that the partners were competent witnesses for that purpose. If the adverse party desired the production of the books and papers of the firm, he should call for them.

The cases are numerous in which it is held that a mere participation in profit and loss does not necessarily constitute a partnership. *Donnell* v. *Harshe*, 67 Mo. 170 ; *Musser* v. *Brink*, 68 Mo. 242 ; *Dwinel* v. *Stone*, 30 Me. 384 ; *Denny* v. *Cabot*, 6 Metc. 82. It may well be that, in the present case, additional facts were proved to the satisfaction of the court which, taken with those already mentioned, were sufficient to constitute a partnership. But, on the other hand, there was testimony tending to show that the entire interest of Farris was limited to a share in the net profits. We are unable to discover what conclusion was reached by the court upon this question of fact. We must therefore look

to the instruction only, and find that, in the broad generality of its declarations, it states what is not the law.

The judgment is reversed and the cause remanded. The other judges concur.