ISAAC NEWBERGER, Respondent, v. S. M. FRIEDE, Appellant.

St. Louis Court of Appeals, December 21, 1886.

1. JURISDICTION—JUSTICES—PARTNERSHIP.—A justice of the peace has no jurisdiction of an action by one partner against his co-partner in respect of partnership matters prior to a settlement between them.

| 23 | 631 |
| --- | --- |
| 35 | 36 |
| 35 | 501 |
| 23 | 631 |
| 44 | 274 |
| 23 | 631 |
| 49 | 659 |
| 23 | 631 |
| 55 | 444 |
| 23 | 631 |
| 68 | 23 |
| 23 | 631 |
| 77 | 297 |
| 23 | 631 |
| 82 | 300 |
| 23 | 631 |
| 177s 4 | 60 |

2. PARTNERSHIP—NECESSARY CONSTITUENTS.—Mere participation in profits and losses does not necessarily create a partnership ; but there must be such a community of interest as enables each party to make contracts, incur liabilities, manage the business, and dispose of the whole property.

3. PRACTICE—AMENDMENT—APPEAL.—An amendment, on appeal from a justice, changing the action from one on an open account to one on an account stated, does not change the cause of action.

4. —— IMMATERIAL ERRORS.—If, upon the undisputed evidence, the plaintiff is entitled to the judgment rendered, errors in the giving or refusal of instructions is not ground for reversing the judgment.

APPEAL from the St. Louis Circuit Court, SHEPARD BARCLAY, Judge.

*Affirmed.*

JAMES CARR, for the appellant : A justice has no jurisdiction of actions involving unsettled partnership accounts. *Smith v. Smith*, 33 Mo. 557 ; *Bond v. Bemis*, 55 Mo. 524. The amendment changed the cause of action, and was, therefore, improper. Rev. Stat., sects. 3058, 3060 ; *Webb v. Sweedie*, 30 Mo. 488 ; *Freimuth v. Rupp*, 8 Mo. App. 387 ; *Harris v. Railroad*, 37 Mo. 307 ; *Waldhier v. Railroad*, 71 Mo. 514. It is not essential that there should be a community of interest in the capital stock in order to constitute a partnership. Story on Partnership, sect. 27 ; *Lengle v. Smith*, 38 Mo. 276 ; *Myers v. Field*, 37 Mo. 434.

EDWARD J. O'BRIEN, for the respondent : The mere participation in profit and loss does not necessarily constitute a partnership. *Donnell v. Harshe*, 67 Mo. 170 ; *The State ex rel. v. Finn*, 2 Mo. App. 548-9 ; *Musser v. Brink*, 68 Mo. 242. There must be a community of interest in the business. *Campbell v. Dent*, 54 Mo. 325 ; *Wiggins v. Graham*, 51 Mo. 17 ; *Ashby v. Shaw*, 82 Mo. 76 ; *Dwinel v. Stone*, 50 Me. 384.

THOMPSON, J., delivered the opinion of the court.

This action was brought before a justice of the peace to recover a balance alleged to be due upon an open account. On appeal to the circuit court there was a trial *de novo* by the court, a jury having been waived, and a judgment in favor of the plaintiff from which the defendant has appealed.

Objection was made before the justice and in the circuit court to the jurisdiction of the justice, on the ground that the plaintiff and defendant were, in respect of the transaction out of which the account grew, partners, and that a justice of the peace has no jurisdiction of a suit to settle the accounts of a partnership, the same being a suit in equity.

The plaintiff in his testimony stated the arrangement which existed between him and the defendant, out of which the matters of account grew, in the following language: "The conditions on which the defendant worked for me are these: I furnished the cigars and tobacco for the defendant to sell, and I was to bear half the expenses of selling the cigars and tobacco, and the defendant was to sell the cigars and tobacco, and to bear half the expenses in doing so, and each was to bear half the losses on the sale of the cigars and tobacco sold by the defendant, and each was to get half of the profits from the sale." The defendant's version of the arrangement was substantially the same as that of the plaintiff. In addition to this, it appeared that the plaintiff furnished the horse and wagon which the defendant used in peddling the cigars and tobacco.

On the trial the plaintiff gave evidence tending to show that he and the defendant had accounted together, and that the defendant had admitted that there was due the plaintiff a balance in excess of the amount sued for. There was this infirmity, however, in this part of the plaintiff's testimony, that this alleged admission was

made on the third of January, 1883, and that they went on with the arrangement as before, and that it did not terminate until the middle of March. We do not, therefore, see how such evidence would have had a tendency to prove that the plaintiff and the defendant had agreed upon the balance which was due in March, when the arrangement terminated. As there are a number of items in the account, of date subsequent to January 3, 1883, it is difficult to understand upon what principle the plaintiff could have supposed that this evidence tended to prove what is necessary to be proved in order to sustain an action upon a stated account, viz., that the minds of the accounting parties met and agreed upon the balance claimed to be due. The theory of an account stated is that the parties have accounted together, agreed upon a balance, and that the debtor has promised to pay it; and accordingly it is necessary for the plaintiff, in declaring upon an account stated in a court of record, to allege that the defendant promised to pay the balance so found to be due. *Brown v. Kimmel*, 67 Mo. 430; *Cape Girardeau v. Kimmel*, 58 Mo. 83; *Ward v. Farrelly*, 9 Mo. App. 370. Such an allegation is obviously not made good by proof that somewhere in the middle of the account, in point of time, the parties talked the matter over and the defendant promised to pay a balance then found to be due, the same not being the balance sued for. The admission of the defendant, if made, on the third of January, 1883, that there was a balance due by him to the plaintiff of $247.81, in connection with the evidence of the subsequent charges and discharges, was, at most, an evidential fact tending to show the correctness of the account sued on, regarding it as an open and not as a stated account.

The court, at the request of the defendant, gave the following declaration of law :

" If the court believes from the evidence that

the plaintiff and the defendant, at or before the time of the commencement of the account sued on, entered into a contract by which the plaintiff was to furnish the cigars and tobacco to be sold and to bear half of the expenses incurred in selling said cigars and tobacco, and the defendant was to sell said cigars and tobacco, and to bear half the expenses incurred in selling said cigars and tobacco, and each was to bear half the losses incurred on the sales of said cigars and tobacco, and each was to get half the net profits realized from the sale of said cigars and tobacco ; that the account sued on is based on the sale of said cigars and tobacco under said contract.; and that there has never been any settlement of the account growing out of the sale of said cigars and tobacco, then the justice of the peace before whom this suit was brought had no jurisdiction thereof, and the court will find for the defendant.''

If we are right in the conclusion that there was no substantial evidence tending to show a settlement of the account between the parties, this instruction is drawn in strict conformity with the undisputed evidence disclosed by the record. There is no substantial evidence in the record which contradicts any hypothesis therein. We can not understand how the court could have given it and afterwards returned a verdict for the plaintiff. If this instruction is the law of the case, the verdict and judgment were against the law, for this instruction states the undoubted facts of the case. But we are of opinion, for reasons hereafter stated, that this instruction is not the law of the case, and, therefore, that the contrary finding of the court upon the facts is not necessarily a ground for reversing the judgment. The finding of the court was evidently based upon the theory that there had been an account stated ; but this theory, though erroneous, as

we think, becomes immaterial in view of what we shall say hereafter.

The defendant also requested the court to give the following declaration of law, which the court refused:

"A justice of the peace has no jurisdiction over a suit in regard to unsettled partnership accounts, and the circuit court can not acquire any jurisdiction of such suit by appeal."

This instruction states the undoubted law. But it does not follow that it was applicable to the facts of this case, and it was probably refused for that reason. A suit for the settlement of a partnership account is strictly an equitable proceeding, and the statute provides: "No justice of the peace shall have jurisdiction to hear or try * * * any strictly equitable proceeding." Rev. Stat., sect. 2337. That the remedy of one partner against the other in such a case is a remedy strictly in equity, is a necessary conclusion from the rule which has always obtained in this state, that one partner can not maintain an action at law against another partner in respect of partnership matters, until after a settlement between them of the partnership accounts and the striking of a balance. *Stothert v. Knox*, 5 Mo. 112; *Springer v. Cabell*, 10 Mo. 640; *Smith v. Smith*, 33 Mo. 557; *Bond v. Bemis*, 55 Mo. 524. The right to relief in equity in such cases, is grounded on the inadequacy of the remedy at law. 1 Story Eq. Jur. sect. 663. The old common law action of *account render*, which was resorted to by one partner against another in order to compel a settlement and liquidation of the partnership transactions (Co. Litt. 172 *a;* Fitzherbert Nat. Brev. 117 *d*), has never had any place in our remedial system; and, therefore, the legislature in using the words, "any strictly equitable proceeding," in the section above quoted, must have intended to exclude the jurisdiction of justices of the peace in actions involving the settlement of partnership transactions.

But it does not follow from this that the justice of the peace had no jurisdiction of this action. The record nowhere discloses that this was an action brought for the settlement of a partnership account. The evidence does not show that the plaintiff and the defendant were partners. A mere participation in the profits and losses of the business does not necessarily create a partnership. *The State ex rel. v. Finn*, 11 Mo. App. 546; *Dwinel v. Stone*, 30 Me. 384; *Musser v. Brink*, 68 Mo. 242; *Donnell v. Harshe*, 67 Mo. 170; *Hanson v. Jones*, 20 Mo. App. 595. "There must be," said Shepley, C. J., "such a community of interest as empowers each party to make contracts, incur liabilities, manage the whole business, and dispose of the whole property; a right which, upon the dissolution of the partnership by death of one, passes to the survivor, and not to the representatives of the deceased." *Dwinel v. Stone, supra.* No such an agreement was shown in this case—no community of ownership in the horse and wagon, tobacco and cigars, with which the business of the two adventurers was carried on, which could have survived to the defendant upon the death of the plaintiff. This case, then, does not differ from any other action upon an open account containing a large number of items, by a principal against his agent, or by a merchant against his factor, to recover the balance due; and it would be introducing a novelty into our remedial system to hold that justices of the peace have no jurisdiction of such actions, where the balance claimed is within the limit of their pecuniary jurisdiction.

After the evidence was all in the court, against the objection of the defendant, allowed the plaintiff to amend the account sued on so as to change the account from an action upon an open account to an action for a balance due upon a stated account. This was done by adopting the items of the account originally sued on down to the date of the alleged settlement on January

3, 1883, and striking a balance of $247.81, as the balance due on that date, rejecting the subsequent charges, as they appeared in the original account, and then adding the following recitals :

"1883.
" Jan. 3.    To amount found and agreed to
             be due to I. Newberger from S.
             M. Friede,  on accounting and
             settlement together.......... $247 81
"1883.
              "Cr.
"Mar. 24.  By cash.....................$ 50 00
"July 13.   "    "    ..................... 130 00 180 00
                                          _____
            Balance due.................. $67 81"

This ruling was objected to on the ground that it had the effect of changing the cause of action. The statute provides : "The same cause of action, and no other, that was brought before the justice, shall be brought before the appellate court upon appeal." Rev. Stat., sect. 3058. Another section provides : "In all cases of appeal, the bill of items of the account sued on, or filed as a counter claim or set off; or the statement of the plaintiff's cause of action, or of the defendant's counter claim or set off, or other ground of defence filed before the justice, may be amended upon appeal in the appellate court, to supply any deficiency or omission therein, when by such amendment substantial justice will be promoted ; but no new item, or cause of action, not embraced or intended to be included in the original account or statement, shall be added by such amendment.    *    *    *" Rev. Stat., sect. 3060. We hold, in conformity with our ruling in *Hanson v. Jones* (*supra*), that this statement did not state a new cause of action within the meaning of the statute.

It does not follow from the foregoing that the judg-

ment will have to be reversed. Whether the action is treated as an action upon a stated account, or as an action upon an open account, upon the undisputed evidence of the plaintiff, he was entitled to recover the amount for which the court gave him judgment. The only witness for the defendant as to the merits of the controversy, except upon the question of partnership, was the defendant himself, and he did not deny that there was a balance due as claimed, although he professed to have kept an account of the transaction, but merely denied that he and the plaintiff had ever accounted together and struck a balance. In such a state of the record, any supervening errors must be regarded as having had no influence upon the result.

The judgment is accordingly affirmed. All the judges concur.

THOMPSON, J., delivered the opinion of the court on re-hearing.

We have granted a re-hearing in this cause, and have heard the parties at the bar and by brief, on the question whether the agreement shown by the undisputed facts of this case constitutes a partnership between the plaintiff and the defendant. The further light which the counsel were able to throw upon the question, and the careful consideration which we have since given to it, only serve to convince us that while the question, if we could regard it as a new question, would be one of difficulty, we must, in conformity with the latest controlling decisions of our supreme court upon it, adhere to our former opinion. The question is governed, and our judgment upon it concluded, by the decision of the supreme court in *Donnell v. Harshe* (67 Mo. 170), re-affirmed and applied in *Musser v. Brink* (68 Mo. 242). In *Donnell v. Harshe* the manner in which the question arose is not essentially different from the manner in which it arises in this case. In an

action at law upon an account, the defendant pleaded a. counter-claim, and the plaintiff replied that the matter of the counter-claim grew out of an unsettled partnership business between him and the defendant. If this reply stated the fact, the matter was not a proper subject of a counter-claim, since to allow it to be pleaded as a counter-claim would be tantamount 'to allowing the defendant to recover upon it in an action at law The evidence showed that the alleged partnership out of which the matter of counter-claim arose, was merely an agreement between the plaintiff and the defendant, to cultivate on shares a farm belonging to the defendant, each to defray a moiety of the expenses and to have a moiety of the profits. The supreme court, after full consideration of the subject, held that this was not a partnership, and in the opinion of the court, written by Judge Napton, the doctrine laid down by the supreme court of Maine in *Dwinell v. Stone* was quoted as the law of the case. That doctrine, as quoted in our former opinion, is that, in order to constitute a partnership, as between the parties themselves, there must be such a community of interest as empowers each party to make contracts, incur liabilities, manage the whole business, and dispose of the whole property—a right which, upon the dissolution of the partnership by the death of one, passes to the survivor, and not to the representatives of the deceased. It is true that the decision of our supreme court in the previous case of *Lengle v. Smith* (48 Mo. 276), seems to be explicitly to the contrary, upon a state of facts not dissimilar, in substance, to the facts in *Donnell v. Harshe*, or to those in the case at bar ; the court there holding that a partnership may exist in profits and losses merely, without a community of ownership in the property, which is the subject of the joint venture, such as will drive one of the parties, seeking a remedy against the other in respect of it, into a proceeding in equity. But we are bound to follow the last controlling

decision of the supreme court on the subject, and to re-
gard *Donnell v. Harshe* as overruling *Lengle v. Smith*.

It follows that we must adhere to our former opinion
and affirm the judgment. It is so ordered. All the
judges concur.