HELEN C. MUMFORD *et al.*, Respondents, v. JOHN C. KEET, Appellant.

St. Louis Court of Appeals, March 10, 1896.

1. **Pleading**: INSUFFICIENCY OF PETITION: MANNER OF OBJECTION. When a petition wholly fails to expressly or impliedly state facts essential to a cause of action, advantage may be taken for the first time of its insufficiency by objection to the reception of any evidence under it.

2. **Conveyances**: BREACH OF COVENANT OF SEIZIN OR WARRANTY: DAMAGES. Substantial damages for the breach of a covenant of seizin, or of warranty, in the conveyance of land can be recovered by the covenantee, only when he has been evicted or has yielded to a paramount outstanding title.

*Appeal from the Greene Circuit Court.*—HON. JAMES T. NEVILLE, Judge.

REVERSED AND REMANDED.

*Massey & Tatlow* for appellant.

*T. J. Murray* for respondent.

BOND, J.—The petition in this case states that defendant purchased a city lot in Springfield, Missouri, from one Horine on the thirty-first of August, 1892, which was incumbered by the lien of a judgment against his grantor, rendered on the twelfth day of March, 1892; that on the eighteenth of January, 1893, defendant executed a deed of trust on said city lot to

secure $1,000, borrowed by him from the National
Investment Company of Springfield, Missouri, and
covenanted in said trust deed that he was seized of an
indefeasible estate in fee simple against incumbrances,
for further assurance and general warranty of title.
Plaintiffs alleged that said deed of trust was validly
foreclosed, and title acquired by them under mesne
conveyances in fee under such foreclosure. The petition
then adds:

"Plaintiffs further state that they went into pos-
session of said real estate under deed from R. P. Halde-
man and wife, and that neither W. F. Howser as
trustee, the National Investment Association, R. P.
Haldeman, nor these plaintiffs knew anything about
the judgment aforesaid, or the sheriff's sale and deed
under said judgment, until after the twenty-first day of
May, 1894.

"Plaintiffs state that on the fifteenth day of March,
1894, a general execution was issued on the judgment
above mentioned in favor of James Baker and against the
said S. H. Horine, by virtue and in pursuance of which
said real estate was sold by the sheriff of said county
on the twenty-first day of May, 1894, to Maggie C. Baker,
and was conveyed to her by deed in due form on the
twenty-fourth day of May, 1894, by which she became
the owner of the real estate above described, and by
means of the lien of said judgment on said real estate,
sheriff's sale and deed as aforesaid, each of the cove-
nants contained in said deed of trust became broken,
breached and violated, and the defendant, John C.
Keet, is therefore justly indebted to the plaintiff in the
sum of $1,000, the amount of money so loaned to him,
with the interest thereon from the date of said bond at
the rate of eight per cent per annum, for which plain-
tiffs ask judgment with costs."

The answer of defendant denied plaintiffs' capacity

to sue, and denied generally the allegations of the petition. The bill of exceptions does not bring up all the evidence, but recites: "Said cause came on for trial in said court before the Hon. James T. Neville, judge thereof, and before the introduction of any evidence defendant objected to the introduction of any evidence under the petition, for the reason that said petition stated no facts sufficient to constitute a cause of action, in this: That it did not allege an actual eviction, or what was equivalent thereto in law; which objection was by the court overruled, and to its action in so doing the defendant then and there at the time duly excepted.

"Whereupon the plaintiffs, to sustain the issues on their part, offered evidence tending to prove the allegations of their said petition, and also introduced evidence tending to prove that they paid M. C. Baker $600 for the outstanding title, and to which proof defendant then and there at the time, before the introduction thereof, objected thereto as incompetent, irrelevant and immaterial, and because not responsive to the petition; which objections were overruled, and defendant then and there at the time duly excepted.

"And at the close of such evidence the defendant requested the court to give an instruction or declaration of law, in the nature of a demurrer to the evidence, in words and figures as follows, to wit: The court declares the law to be, that plaintiff can not recover in this action; which the court refused to give, and to its action in so doing the defendant then and there at the time duly excepted.

"Whereupon the defendant asked the court to give the following declarations of law:

"I. The court declares the law to be that plaintiff can not recover in this case for the reason that there has been no legal evidence adduced showing, nor tend-

ing to show, that there has been an actual eviction of plaintiffs in this case, or what is equivalent thereto in law.

"II. The court declares the law to be that plaintiffs are only entitled to recover nominal damages in this case, and nothing more.

"Which instructions the court refused to give, and to its action in so doing the defendant then and there at the time duly excepted.

"Whereupon, without giving any instructions on the part of the plaintiffs or defendant, the court rendered judgment for the plaintiffs" for $600, being the amount paid by them for the superior and outstanding title.

The controlling question on this appeal is whether or not the petition states a cause of action for more than nominal damages. Appellant claims it does not. After verdict the sufficiency of a petition, which was not challenged before the trial by a demurrer or motion to make definite, is judged by a different rule from that applied when such objections are interposed before the trial. A petition which impliedly states a cause of action, when not attacked by demurrer or motion to make definite, will be held good after verdict. *People's Bank of New Orleans v. Scalzo*, 127 Mo. 164. The imperfect statement of a cause of action can not be reached by objection to the introduction of testimony thereunder, nor by instruction. Neither can it be assailed upon appeal. On the other hand, the omission of essential averments in the statement of a cause of action may be taken advantage of in either of these modes, or for the first time upon appeal. Unless, therefore, the petition in this case wholly fails expressly or impliedly to state a cause of action for substantial damages, the point must be ruled against appellant.

It is essential to a recovery of substantial damages

for breach of the covenants of seizin or warranty sued on either that plaintiffs should have been evicted, or, what is tantamount thereto, should have yielded to a paramount outstanding title. In either case they would have been entitled to a recovery, not exceeding the consideration money, interest and cost, measured by the facts. If they had suffered a dispossession and total loss of title, by reason of a superior outstanding title, they would be entitled to recover the full consideration money, and interest, received by the covenantor. If, without waiting for such an eviction, they had purchased the outstanding title, they would be entitled upon a showing of its superiority to claim the money necessarily paid to extinguish it, not exceeding the consideration money and interest. Under the facts shown in the record one or the other of these conditions was essential to the recovery by plaintiffs of more than nominal damages. They were entitled to recover nominal damages from the mere fact of the existence of a paramount outstanding title, since a covenant for seizin is broken, if broken at all, as soon as made, and the petition in this case does allege that there was a valid lien on the property at the time it was conveyed to plaintiffs. *Collier v. Gamble*, 10 Mo., side page 467. The petition does not, however, allege that plaintiffs were evicted, nor that they surrendered to a superior adverse title, or were compelled to purchase the same to protect their own title. There is nothing in the language of the petition implying either of these allegations. All that is said therein is that Mrs. Baker was the owner of the lot under a sheriff's deed, made in pursuance of a judgment which was a prior lien upon the lot. It neither states that plaintiffs yielded to the title of Mrs. Baker, nor that they paid anything for it. The test of the sufficiency of a petition is whether, if all the allegations therein are true, plaintiffs

are entitled to the relief prayed. *Wetmore v. Crouch,* 55 Mo. App. 446; *Bank v. Fisher,* 55 Mo. App. 51. Applying this rule to the petition under review, it is apparent that it wholly fails to state a cause of action for substantial damages, since it neither expressly nor impliedly alleges any facts showing an eviction suffered by plaintiffs or their surrender to a valid outstanding title or a compulsory purchase of such title to protect their own title. The petition can be amended before a new trial is had.

The judgment will be reversed and the cause remanded. All concur.