John Sheehan, Plaintiff in Error, *v.* James M. Gleeson, Defendant in Error.

1. *City engineer—Discretion of, can not be delegated.*—In making city improvements, the discretion conferred upon one class of officers can not be transferred to another.

2. *Ordinances, city of St. Louis — Engineer — Curbstones — Nature of stone and precise dimensions and manner of dressing need not be specified.*—Section 14 of ordinance 5399 of the city ordinances of St. Louis, in fixing a minimum of thickness and depth of curbstones, was sufficiently specific to authorize proceedings under it by the engineer. The precise thickness of the curbstones need not be given, nor the nature of the stone nor the manner of dressing it. An ordinance may lack desirable precision, and still may so provide for the manner in which an improvement shall be made, and be such compliance with the law, although a loose one, that the courts would not be authorized to invalidate the action of city officers under it.

*Error to St. Louis Circuit Court.*

*Thomas Grace,* for plaintiff in error.

I. The only issue presented by the pleadings to the court, and which the plaintiff had to prove was whether the tax-bill sued on

Sheehan v. Gleeson.

was genuine ; did it bear the genuine signature of the city engineer ?  This fact having been proved in the affirmative, the taxbill became and was, under the law, *prima facie* evidence of the plaintiff's right to recover.  (Sess. Acts 1867, p. 74, § 11 ; Sess. Acts 1866, p. 302, § 5 ; Sess. Acts 1863, p. 76, § 4 ; City, to use of Creamer, v. Oeters, 36 Mo. 463 ; City, to use of Lohman, v. Coons, 37 Mo. 48 ; City, to use of Stadler *et al.*, v. Armstrong, 38 Mo. 33 ; City, to use of Creamer, v. Bernoudy, 43 Mo. 554.)

II.  Ordinance 6140 is not invalid.  It is good as far as it goes, and in conformity with the city charter.

III.  Defendants insist that ordinance No. 6140, although it may be valid as far as its provisions extend, yet conferred no authority to do the work, because it failed to specify the time within which the work should be done, the dimensions of the street, the material to be used, and the manner and general regulations to govern the engineer in the construction of the street. (Sess. Acts 1867, p. 62 ; Art. 4, City Charter.)  All the particulars regarding the time in which the work should be done, the dimensions of the street, the material to be used, the manner of doing the work, etc., need not encumber each special ordinance. It conduces to convenience and is competent for the city council. to provide the material to be used, the manner of doing the work, and general regulations governing the city engineer, by general ordinance, applicable alike to this as to other streets.

*Ewing & Holliday*, for defendant in error.

I.  The cases of Ruggles v. Collier, 43 Mo. 353, and City, to use of Murphy, v. Clemens, Jr., 43 Mo. 395, are not distinguishable in principle from the present case.  There is not a word in the ordinance as to the manner in which the work shall be done.  It is all left to the engineer and general ordinances. The plaintiff sought refuge in general ordinances not referred to in the petition.  If the plaintiff claim a right under ordinance, he must refer to the ordinance by its title and number, or he can not introduce it in evidence.  There was not a particle of evidence offered by plaintiff to show that the limestone used was of

the best description of stone that could be procured in the vicinity of the city, in the opinion of the city engineer.

II. The court should hold in this case that when the charter provides that "such grading and paving to be done in manner to be prescribed by ordinance," the city council shall not delegate the "manner" to the city engineer.

BLISS, Judge, delivered the opinion of the court.

This suit is upon a special tax-bill issued by the city engineer of St. Louis to the plaintiff to recover part of the costs of curbing, guttering, macadamizing, and laying crosswalks opposite defendant's property on Wright street, in the new limits of the city.  By section 10 of the revised charter of 1867 (Sess. Acts 1867, p. 73) it is provided that "the cost of paving, macadamizing, guttering, crosswalks, and curbing of the carriageways, intersections, and sidewalks of all streets," etc., "shall in all cases, except," etc., "be paid by the owners of the property in the vicinity of the works," etc.   Section 11 provides that the "city engineer shall compute the cost and assess it as a special tax against the property fronting on the work, make out a bill of the assessment, and shall deliver it to the contractor for the work, who shall collect it by suit; and that, in any action brought to recover the amount thereof, such certified bill shall be *prima facie* evidence that the work and material charged in such bill have been furnished, and of the liability of the persons therein named as the owners of such property."   The same act provides by section 9 that the construction of streets, as to their extent, dimensions and material, shall be had in such manner as shall be provided by ordinance ; and by section 14, the council shall cause the "grading, paving, or macadamizing to be done in such a manner as shall be prescribed by ordinance."

It will be thus seen that the assessment made for the plaintiff by the engineer furnishes much of the evidence required in the first instance.   The contract is not disputed, and the record shows the following ordinances, to-wit :   Ordinance 6140, the first two sections of which are as follows :

Sheehan v. Gleeson.

" SEC. 1. The city engineer is hereby authorized and instructed to cause Wright street, from Fourteenth to Sixteenth streets, to be graded, curbed, guttered, macadamized, and the crosswalks and sidewalks to be paved.

" SEC. 2. The cost of the curbing, guttering, macadamizing, and of paving the crosswalks, shall be assessed as a special tax against the owners of the ground fronting upon said street, according to law."

Also sections 14, 25, and 26 of general ordinance 5399, concerning the engineer department, as follows:

" SEC. 14. All curbstones or curbings set upon any street, avenue, or other highway, except on First street or the wharves, shall not be less than four inches in thickness on the front edge or top, and shall be set in the ground at least twelve inches below the surface of the pavement."

" SEC. 25. All broken rock to be hereafter spread on the surface of any alley or highway in the city of St. Louis shall be of the best description that can be procured in the vicinity of the city, which, in the opinion of the city engineer, is best adapted to such purposes; and they shall be broken so that the largest will pass through a two and a half inch ring in all of their diameters.

" SEC. 26. All paving stones hereafter to be used for paving with stone on edge any street or any principal alley within the business part of the city through which heavy carts have to pass, shall be of the best quality that the vicinity of the city affords; and they shall be dressed on the top sides and end faces, so as to make close joints throughout and a full and square bottom; and the stone shall have a bed of sand properly prepared for its reception, of a depth of not less than ten inches."

The Circuit Court, at special term, gave judgment for the plaintiff, which was reversed at general term. It is unnecessary to repeat what we have so often held, that in making its improvements the city must proceed according to law, and that the discretion which may be conferred upon one class of officers can not be transferred to another. The city engineer is an executive officer, and in making city improvements he must be governed by

the city ordinances, and we have only to consider whether his action was warranted by those ordinances.

Ordinance 6140 only purports to locate the improvement and provide for the assessment of its cost. If that were all, the engineer would be powerless to proceed. But we find in the sections before recited of general ordinance 5399, specific provisions for the manner in which the work shall be done. That ordinance is imperative upon the engineer, and he is subject to all its directions.

But defendant's counsel criticise it as not being sufficiently specific, and insist that too much discretion is still left to the engineer. We should first premise that, as a matter of necessity, some discretion must be left to the executive officers. It would be difficult for ordinances to specify every particular of a work ; but they must be more or less general, and must take many things for granted in the history, geography, and topography of the place, and in the arts called into requisition by the improvements ordered. And we should further premise that an ordinance may lack desirable precision, and still may so provide for the manner in which an improvement shall be made, and be such a compliance with the law, although a loose one, that the courts would not be authorized to invalidate the action of the city officers under it. It is not every irregularity or omission that goes to the substance of a proceeding.

Counsel object that the precise thickness and depth of the curbstones, their material and manner of dressing, are not fixed by the ordinance. I can see no plausibility even in either of the objections except the first. The ordinance fixed a minimum of thickness and depth, and the contract shows that the curbing was built of precisely those dimensions. It certainly was a direction in relation to the manner of building it, though justly subject to criticism as not being sufficiently specific. Though an irregularity in the action of the common council, yet it was action in the right direction, and we should not be warranted in holding the proceedings under it as wholly unauthorized. The nature and manner of dressing of common curbing in the city is as well understood as the meaning of the word itself, and, like a

Sheehan v. Gleeson.

hundred other particulars that should be noted in a contract, would unnecessarily encumber an ordinance.

Objection is also made to section 25 of the ordinance, that it does not specify the kind of stone to be used for macadamizing. If an ordinance in relation to waterworks should ordain that the water should be taken from "the river," I imagine it would not be contended that a discretion was conferred to take it from the Ohio or Missouri. Something must be assumed as generally known, or there would be no end to detail. It would have been easy for the ordinance to have named limestone, and yet everybody knows that there is no other macadamizing stone "that can be procured in the vicinity of the city." There is no more discretion in this regard left to the engineer than to any inspector. It is his duty to see that stone of the best quality is used "that can be procured," etc., and he is limited as much as can be done by ordinance.

Counsel rely mainly upon Ruggles v. Collier, 43 Mo. 353, and upon City, to use of Murphy, v. Clemens, *id.* 395. In the first case the Legislature had conferred upon the common council power to designate the streets to be repaved. This power the council sought to transfer to the mayor, which we held they could not do. In the other case the council had been authorized to build sewers and describe their dimensions by ordinance. Instead of doing this, it threw upon the city engineer the responsibility of determining both their size and material, and we held such a transfer of discretionary power to have been unauthorized. To the principle of those cases we adhere, but I do not find it involved in the case at bar. In those, every discretion intrusted by law to the common council was transferred to an executive officer. In this case the most that can be said is that the council undertook to do its duty, but performed it in an imperfect manner. If, as in Ruggles v. Collier, the council had given an executive officer the right to decide what particular street or part of a street shall be improved, or were there known and recognized modes of macadamizing or erecting curbstones, or of guttering macadamized streets, differing materially one from another either in the material used, or in the manner in

which it is prepared and laid, and the choice between these modes had been left to the engineer, as was the size and material of the sewer in the City v. Clemens, we should be compelled to hold that the council had failed in its duty, and had intrusted to an executive officer an unwarranted discretion.

Counsel for defendants make no point concerning the effect given by the statute to the engineer's certificate of his assessment in making it "*prima facie* evidence," etc. Expressing no opinion as to how much or whether any more evidence should be required under the act of 1867, than under the one referred to in City, to use, etc., v. Bernoudy, 43 Mo. 552, and other cases, we are of opinion that the Circuit Court, at special term, committed no error in regard to the points presented to and considered by us; and, therefore, that its action at general term should be reversed. The other judges concur.