FLORENCE KILEY Respondent, *vs.* MANLOVE CRANOR, Appellant.

| | |
|---|---|
| 51 | 541 |
| 102 | 667 |
| 51 | 541 |
| 45a | 319 |
| 51 | 541 |
| 64a | 211 |
| 51 | 541 |
| 158 | 538 |

1. *Special tax bills—Work not fully completed when bills made out but completed when suit brought—Tax bill valid.*—In a suit on a special tax bill for macadamizing done in front of the property of defendant, where it appeared from the evidence that although the tax bills were certified before the contractor had fully completed his whole work on the street, yet it was also shown that in a fortnight after the bills were so certified, and before the suit was brought; the entire work was completed. *Held,* that the law was substantially complied with, and the property was properly chargeable.

2. *Officers—Amendments by, after expiration of term of office.*—Amendments in the proceedings of town officers, must be made by the persons who were in office when the proceedings were had; and it is not necessary that they should be in office at the time of making the amendments.

*Appeal from Buchanan Court of Common Pleas.*

*Allen H. Vories,* for Appellant.

*F. Van Waters and Everett & Reed,* for Respondent.

WAGNER, Judge, delivered the opinion of the court.

This was an action brought by the plaintiff on certified special tax bills, to recover for macadamizing one of the streets of the City of St. Joseph, opposite to and adjoining the property of the defendant. In the court below plaintiff had judgment, and the defendant appealed to this court.

The contract was made by the city engineer with the plaintiff for doing the work, and the proceeding was had in accordance with the fifth section of an act amending the charter of the City of St. Joseph, approved Feb. 8th, 1865.

The 4th section of the amendatory act authorizes the mayor and city council to order the paving, macadamizing, &c., of the streets; and the 5th section provides that whenever any of the above mentioned work shall have been fully completed under the authority of an ordinance, the city engineer or other officer having charge of the work shall compute the cost thereof, and assess it as a special tax against the adjoining property fronting upon the work done, and that each lot of ground shall be charged in proportion to its frontage with the cost of construction in such manner as the engineer shall deem just and equitable.

The engineer is then authorized to make out a certified bill of the assessment against each lot of ground chargeable with the work done in the name of the owner thereof, and deliver the same to the contractor of the work who is empowered to proceed to collect the same by ordinary process of law in his own name, and the bills are made *prima facie* evidence that the work and materials charged therein have been furnished, and of the liability of the person therein named as the owner of such property.

It is urged as an objection to the validity of the tax bills, that the whole work was not fully completed when they were issued and certified by the engineer. In the case of the City of St. Louis to use of McGrath vs. Clemens, (49 Mo., 552,) in construing a law which is literally the same as the section above referred to, we held that special tax bills founded on assessment could not be enforced till the contract for the improvement was fully completed. And that the term "work" mentioned in the provision of the charter was meant to include all the work named in this contract. The reason for such a construction is, I think entirely satisfactory. It is supposed that the work done is a benefit, which amounts to a compensation for the special burden imposed. The grading of a street, or any considerable portion of it, will generally be beneficial and advantageous to the adjoining proprietors and owners of property, but the grading of a single lot or block may be a positive injury to them, as it may render their property difficult of approach and sometimes almost inaccessible. In such a case clearly they should not be compelled to assume the burden as they receive no corresponding benefit.

But in the case we are now considering, no such difficulty meets us. It is clearly shown by the evidence, and is an undisputed fact, that although the tax bills were certified before the contractor had fully completed his whole work on the street, yet in about two weeks after the bills were so made out and certified, the entire work was fully completed, and had been so completed some time before this suit was brought. The law was then substantially complied with. The street

was macadamized, and the defendant's property received the benefit of the improvement, and was chargeable with the amount assessed on its frontage.

The further objection is insisted upon, that the City Council transcended its authority in delegating to the engineer the power to designate the character of the work, the materials to be used, &c. But this position is not sustained by the record. The contract refers to, and was made in conformity with the ordinance approved July 18th, 1866. This ordinance prescribes the manner of macadamizing the streets, the materials to be used and how used. It is more definite and explicit than the ordinance of the City of St. Louis on the same subject, which was sustained by the Court. (Sheehan vs. Gleason, 46 Mo., 100.)

It appears that in the original tax bills certified by the engineer, there was some informality, and that the mistakes as to form were rectified, and new bills certified to by the engineer, after he had gone out of office, and this is alleged as error.

But obviously there is nothing wrong here. Amendments in the proceedings of town officers must be made by the persons who were in office, when the proceedings were had, and it is not necessary that they should be in office at the time of making the amendment. (Gibson vs. Bailey, 9 N. H., 168.)

We do not think there is anything in the point raised as to the Court's giving judgment for interest. The petition asked judgment for the rate of interest prescribed by law, and that was sufficient. We have failed to perceive any merit in any of the objections taken to the rulings of the Court below, and think the judgment should be affirmed.

The other judges concur, except Vories, Judge, not sitting.