Moran v. Lindell, et al.

———o———

JOHN MORAN, Respondent, *vs:* JEMIMA LINDELL, *et al.*, Appellants.

1. *St. Louis, city of—Ordinances—Improving streets—Charter.*—The City Council of St. Louis passed an ordinance directing the City Engineer to have a street graded, &c., according to law, and already an ordinance existed defining the manner of doing such work, &c.   *Held,* that this ordinance is valid.   [Sheehan vs. Gleeson, 46 Mo., 100, affirmed.]

2. *St. Louis, city of—Charter—Improving streets—Vicinity of the property.*—A property owner cannot refuse to pay the special tax for street improvements, because the centre of the street is improved, but the improvements do not extend to the sidewalk.   The city authorities are the proper judges of how much it is necessary to do.

*Appeal from St. Louis Circuit Court.*

*Wilbur F. Boyle,* for Appellants. ·

I. When the ordinance 6,599, was passed, Grand Avenue had not been opened to the width of 120 feet as required by ordinance 6,126 ; and the charter prohibits the City Council from grading, paving or macadamizing any street or avenue " not established and opened according to law and ordinance." (Sess. Acts 1867, p. 71, Act 8, § 1 ; Dillon on Mun. Corp. p. 367.)

II. The charter required that the ordinance authorizing this work should prescribe the *extent, dimensions,* material and manner of doing it.   (Sess. Acts 1867, p. 73, § 9 ; Murphy vs. Clemens, 43 Mo., 395 ; Haegele vs. Mallincrodt, 46 Mo., 577 ; Schenectady vs. Schermerhorn, 6 N. Y., 92.)

III. The ordinance under which the contract purported to have been made was void, and the contract was therefore void *ab initio,* and no subsequent action of the Council could

give it validity. (Ruggles vs. Collier, 43 Mo., 353 ; Murphy vs. Clemens, 43 Mo., 395 ; Brady vs. The Mayor, &c., of N. Y., 20 N. Y., 312.)

IV. The charge made in the tax bill could not be supported by this contract, being for only a portion of the work called for by the contract. (McGrath vs. Clemens, 49 Mo., 552.)

V. The macadamizing sued for is 25 *feet distant* from the property sought to be charged, whereas it must be adjacent to, as well as in front of the property. (Sess. Acts 1867, p. 74. § 11 ; Philadelphia vs. Eastwick, 35 Penn. St., 75.)

VI. The City Council could not by ordinance, nor the City Engineer by parol agreement, modify or alter a contract already made and approved. The Council exhausted this power over the contract, when the contract was approved. (Dillon Mun. Corp., § 373 ; State vs. Barlow, 48 Mo., 17 ; *Ruggles* vs. Collier, 43 Mo., 353 ; Murphy vs. Clemens, 43 Mo., 395 ; McSpedon vs. Monroe, 7 Bosw., 601 ; Dey vs. Jersey City, 19 N. J. Eq., 412 ; Bank vs. Dandridge, 12 Wheat., 68–9 ; Fox vs. New Orleans, 12 La. Ann., 154 ; Robert G. Boneskeel vs. Mayor N. Y., 20 How. Pr. R., 237.)

*Thomas Grace*, for Respondent.

If the contractor submits to the action of the council, restricting the amount of work to be done under the contract, and voluntarily and by direction of ordinance, leaves undone those portions of the work which the council declare by ordinance cannot be done, that forms no ground of complaint on the part of appellants.

The same power that contracts may assent to, vary or modify the contract. (Messenger vs. City of Buffalo, 21 N. Y., 196.)

WAGNER, Judge, delivered the opinion of the court.

This was an action on a certified tax bill issued by the City Engineer of the City of St. Louis against the defendants, to defray the cost of macadamizing Grand Avenue in front of their property. The plaintiff had judgment in the court below and the defendants have appealed the case here.

It appears by the record, that on the 3rd day of July, 1868, the City Council passed an ordinance, numbered 6,599, directing the Engineer to cause Grand Avenue from Lindell Avenue to Kossuth Avenue to be graded, curbed, macadamized, etc., according to law.

Under this ordinance the work was let out and the plaintiff finally became the contractor. At the time the contract was made, Grand Avenue was of an irregular shape, being eighty feet wide in one section, one hundred feet wide in another section, and one hundred and twenty feet in another section, and Ordinance 6,126 had been passed, providing for widening the whole Avenue to the width of one hundred and twenty feet. But this Ordinance had not been carried into effect. Before the macadamizing was put upon the street, the City Council passed two other Ordinances : one 6,866, prescribing the manner in which the Avenue should be laid out differing from the ordinary method ; and the other 6,902, amendatory of Ordinance 6,599, which provided, that inasmuch as the Avenue was not widened to its full extent as established by ordinance, that the Engineer should only grade the street, and cause the carriage ways twenty feet wide on each side to be macadamized.

It is first objected, that the contract was void because there was no ordinance in existence at the time, defining the dimensions and material and manner of doing the work. But this position cannot be maintained. The contract was made and entered into by the City Engineer, under the provisions of General Ordinance 5,399, which prescribes the manner of curbing and paving streets, and regulates the dimensions and size of the materials used. This question upon this ordinance was before this court in the case of Sheehan vs. Gleeson, (46 Mo., 100.) and it was held that the ordinance was a compliance with the charter, and gave the Engineer power to act.

As remarked in that case, the ordinance wants precision, and is not as full and complete as it should be, but it is not so absolutely uncertain as to justify this court in holding it invalid.

This charter provides, that it shall not be lawful for the City

Council to grade, pave or macadamize, any street or. avenue, not established and opened according to law and ordinance, and as there was an ordinance establishing the width of the avenue at one hundred and twenty feet, and it had not been opened to that width, it is thence sought to draw the conclusion that there was no authority for macadamizing or doing any work upon the street, till that ordinance was fully carried out. But, it must be observed, this ordinance was modified or partially suspended by a subsequent one, and that left the street just as it existed before, and as it had been previously established and opened.

. Although the contract was made whilst the ordinance was in force requiring the street to be opened one hundred and twenty feet wide, yet the work was not commenced under that ordinance, and when the action of the Council left the street in the condition that it had formerly existed, the contractor proceeded and assented to the modification, and I entertain no doubt about the validity of the contract.

It is further insisted, however, that because only a carriage-way on each side of the street was macadamized, and the material did not cover the whole street, and reach defendants' sidewalk, that therefore they are not bound.

The charter declares that the cost of paving, macadamizing, guttering, &c., shall be paid by the owners of the property in the vicinity of the work. There is no positive requirement, that the improvement shall immediately join or connect with the property.

The case of Philadelphia vs. Eastwick, (35 Penn. St., 75,) cited and relied on by the defendants, does not support their views, and is not an authority for the doctrine contended for. In that case a railroad company located their railroad in the street, and used and occupied a strip of between 40 and 50 feet in breadth along the whole front of the defendants' lot. After the location of the road, the owner of the lot made a deed to the railroad company of this strip of ground. The work or improvement, for which it was attempted to charge the lot, was put upon the other side of the railroad track, and

the defendants had no access to the street in front of their lot except by crossing the strip of ground, used and owned by the railroad. As the property was separated from the highway by a strip of land owned and occupied by another, the court gave judgment for the defendants.

The facts presented here are wholly different. No land belonging to another intervenes between the defendants' property and the road, on which the work was put. But on the contrary the defendants own the fee up to where the macadamizing was done. That the work is not fully completed up to where the sidewalk should be, we do not think makes any difference. The city authorities were the proper judges of how much it was necessary to do.

Upon the whole record we have failed to find anything that would warrant an interference with the judgment. The other Judges concur.

———o———

