THE STATE *ex rel.* NEILL, *Collector,* v. PHILLIPS, *Appellant.*

DIVISION ONE.

1. **Delinquent Taxes:** PRACTICE: AMENDMENT OF TAX BILL. Where, on the trial of a back-tax suit, the tax bill filed with the petition contained three columns of taxes and indicated the years for which they were due, but did not designate to what particular funds the amounts in the several columns belonged, as required by statute, the word "tax" alone being written at the head of each, the court properly allowed the bill to be amended by writing the words "state," "county" and "school" at the head of the first, second and third columns respectively, thereby showing to which fund the taxes in each column belonged.

2. ———. ASSESSOR'S BOOK, VERIFICATION OF. The assessor's book, after it has been returned to the county court and corrected and adjusted, cannot be authenticated as required by law (R. S. 1879, sec. 6718) by the affidavit of the assessor after the expiration of his term of office.

3. ———: PRACTICE. In an action for delinquent taxes for two years, where the assessor's book shows a legal assessment for only one of such years, judgment should be rendered only for the year for which there was a valid and legal assessment.

*Appeal from New Madrid Circuit Court.*—HON. H. C. O'BRYAN, Judge.

REVERSED AND REMANDED.

*J. J. Russell* for appellant.

(1) The plaintiff had no evidence upon which to recover. The only evidence offered by plaintiff was what purported to be tax bills. They are made *prima facie* evidence when they conformed to the law; but these did not show the amount of taxes to each fund, as required. R. S., sec. 7682. These tax bills are required to be made and certified by the collector; hence, of course, the effort of the attorney, on trial, after the evidence was all in, to "patch them up," without the knowledge or consent of the collector, was improper and erroneous. (2) The defendant, in his evidence, showed that the assessor's book for the year 1881 had no affidavit of the assessor, as is imperatively required by law. R. S., sec. 7571; *Harvey v. Cook*, 82 Mo. 185. The defendant also showed that the assessor's book for 1882 did not have the proper affidavit required by law. The form required by section 7571 seems not to have been followed; that is, it does not state "on the first day of June last past," and said oath was not made on or before the twentieth day of January, but on the third day of April, 1882. R. S., sec. 7571. (3) The effort of the court to cure this fatal defect was supremely erroneous. It was a jurisdictional requirement, and the want of proper affidavits, made in the form and at the time required, rendered the levy and all subsequent steps illegal and void. *Harvey v. Cook*, 82 Mo. 185; *State ex rel. v. Scott*, 96 Mo. 72.

*Silver & Brown* and *H. C. Riley* for respondent.

(1) The court very properly allowed the plaintiff to amend the bill by writing the words "state," "county" and "school" before the word "tax" at the head of the columns containing the amount belonging

to each fund respectively. This amendment could not injuriously affect the owner of the land, and should not be held to be erroneous. *Case v. Dean*, 16 Mich., at p. 39. (2) It was not error to permit the assessor who made the assessment to verify the assessor's book for 1881 by making the affidavit required by law at the date of the trial. Amendments by officers whose terms have expired are constantly allowed. *Kiley v. Cranor*, 51 Mo. 581; *Stadler v. Roth*, 59 Mo. 400; Murfree on Sheriffs [Ed. 1890] secs. 1039, 1039*a*. Assessors should be allowed to supply omissions and make the necessary affidavits where the omission occurred through accident or mistake. *Parish v. Golden*, 35 N. Y. 462; *Cass v. Bellows*, 31 N. H. 501; *Bean v. Thompson*, 19 N. H. 290. (3) Even if the court should hold that the tax for 1881 was invalid because of the failure of the assessor to make affidavit to his book for that year, the tax for 1882 was legal and valid, and should be upheld. The tax bill shows clearly what the amount for each year was, and the amount due each fund. *Walker v. District of Columbia*, 12 Cent. Rep. 408. The taxes of 1882 are easily distinguishable from those of 1881 upon the face of the tax bill. Payment of illegal taxes can only be escaped by payment of those that are legal. *Arnold v. Hawkins*, 95 Mo. 569; *State ex rel. v. Flad*, 26 Mo. 500.

BRACE, J.—This is an action upon a tax bill for delinquent taxes for the years 1881 and 1882, brought by the collector of New Madrid county in 1887. Judgment for plaintiff, and defendant appeals.

I. The only evidence introduced was the tax bill, certified by the collector and filed with the petition. It appears from the bill of exceptions that, when the tax bill was offered, it showed three columns of taxes due on each tract of land and the years for which they were due, but the columns were not so headed as to indicate the fund to which such taxes severally belonged, the word "tax" alone appearing at the head of each

column. The court over the objections of the defend-
ant permitted plaintiff to write the word "state"
before the word "tax" at the head of first column ; the
word "county" before the word "tax" at the head of
the second column, and the word "school" before the
word "tax" at the head of the third column. It then
appeared by the tax bill to which fund the respective
amount of taxes, claimed to be due, belonged as the law
required. The permission of the court given to thus
amend the tax bill is assigned for error.

The tax bill which the collector is required to file
with the petition by section 6837, Revised Statutes, 1879,
in a suit for delinquent taxes, and which when certified
by him is made by said section *prima facie* evidence that
the amount claimed is just and correct, must substan-
tially conform to so much of the back-tax book prepared,
completed and receipted for by him under the pro-
visions of section 6834, as relates to the lands which he
seeks to charge with back taxes in the suit. This book
shows primarily the land upon which back taxes are
owing, the years for which it is due and the fund to which
it belongs ; and, if in making out the tax bill the collector
omitted to state the respective funds to which each tax
belonged, this book furnished a reliable record by which
it might be amended, and by which, when amended, it
could be readily determined whether the tax bill con-
formed to the truth of the facts as they appeared in said
tax book, which fact was not questioned. That formal
defects may be corrected and clerical omissions supplied
in tax bills by the officer whose duty it is to prepare
them, from the original tax books in his possession, there
can be no question, and no error was committed in
making the correction by permission of the court in this
case. *Kiley v. Cranor*, 51 Mo. 541 ; *Gibson v. Bailey*,
9 N. H. 168 ; Cooley on Taxation [2 Ed.] 313, 314, 316.

II. To defeat a recovery on the tax bill the defendant
introduced the assessor's books for the years 1881 and
1882 ; the latter was authenticated by the affidavit of the

assessor substantially in compliance with the provisions of section 6718, but the former was not verified at all by the assessor's affidavit; thereupon, on motion of the plaintiff, the person who was assessor in 1881, who was present, was permitted by the court to make and subscribe as *ex-assessor* in said book an affidavit before the clerk of said court substantially such as the assessor is required to make by section 6718, *supra*, under which the clerk wrote and subscribed his *jurat*.

When the assessor's book is completed by the assessor and verified by him in accordance with provisions of said section, it is made his duty to return the same to the county court; when so returned it becomes the foundation record of all future proceedings for the equalization, levy and collection of taxes. After the assessments therein made have been adjusted and equalized in the manner provided by law, the taxes levied, extended thereon by the clerk of said court, a copy thereof furnished under its seal to the collector which becomes the "tax book" with which he is charged, and by which he makes his collections, it remains in the office of the clerk of the county court a perpetual record of the assessment of the property of the county for the year for which it was made, sections 6718, 6719, 6720, 6721, 6722, 6723, *supra*, subject to correction and amendment by said court before taxes are paid as provided for in sections 6726 and 6727.

This book returned to the county court, corrected and adjusted in the manner provided for in the sections cited, the circuit court had no inherent judicial power to alter or to amend further than to supply by intendment some clerical omission or correct some formal defect apparent upon the face of it, nor has such power been granted to it by statute. Over it the ex-assessor had no power or control, and the court could not give him the right to add to or take from the book a single word. The affidavit injected into it on the trial by permission of the court added nothing to its value. As the case

stood after the introduction of the assessor's book there was on the evidence no legal assessment of the taxes for the year 1881, on the land sought to be charged. *State ex rel. Harvey v. Cook*, 82 Mo. 185 ; *State ex rel. Lewellen v. Schooley*, 84 Mo. 447 ; *Howard v. Heck*, 88 Mo. 456 ; *Pike v. Martindale*, 91 Mo. 268.

The court committed error in giving judgment for the taxes for the year 1881, for which it will be reversed and the cause remanded with directions to enter judgment for the taxes of 1882, only, as shown by the tax bill. All concur.