MARTIN & SHERIDAN BROS., Respondents, v. C. C. CROPP *et al.*, Appellants.

Kansas City Court of Appeals, April 1, 1895.

1. **Appellate Practice**: EVIDENCE: ABSTRACT. The depositions of a party to a cause may be read in evidence against him in another action as an admission. In this case, the appellate court can not review the refusal of the trial court to admit a deposition, since the abstract does not show the contents of said deposition. Moreover, the rejection of such deposition would appear to be harmless error, since the evidence tends to establish the same facts apparently.

2. **Partnership**: PROFITS AND LOSSES: CONTRADICTORY CIRCUMSTANCES. An agreement to share profit and loss does not absolutely constitute a partnership, as a conclusion of law; if other circumstances show that no partnership was intended or created, that will control; and an instruction set out in the opinion is approved.

*Appeal from the Holt Circuit Court.*—HON. CYRUS A. ANTHONY, Judge.

AFFIRMED.

*Stokes & Knowles* for appellant.

(1) It is the settled law in this state that a deposition taken in another case can be read as an admission in writing against such party. *Priest v. Way*, 87 Mo. 16; *Pomeroy v. Benton*, 77 Mo. 82; *Krilzon v. Smith*, 21 Mo. 296; *Charleston v. Hund*, 27 Mo. 341; *State ex rel. v. Bank*, 80 Mo. 626; *State v. Eddings*, 71 Mo. 545. (2) Instruction number 1 informs the jury that, if the defendants purchased the saloon and agreed to conduct the business, sharing the profits and losses, this established the partnership. It is established and settled law in this state that a mere participation in the profits and loss does not necessarily constitute a partnership

between the parties so participating.   *Kelley v. Gains,* 24 Mo. App. 506; *Donnell v. Horshe,* 67 Mo. 173; *Phillipps v. Samuel,* 67 Mo. 658; *Munn v. Brink,* 68 Mo. 242; *McDonald v. Matney,* 82 Mo. 356; *Newspaper Company v. Farrell,* 88 Mo. 51.

*John Kennish, T. C. Dungan* and *S. F. O'Fallon* for respondents.

(1) The court committed no error in excluding the deposition, account or statement offered in evidence. The admitting in evidence of the deposition and statement could not possible have added anything to the testimony of said witnesses on that point, and would only have been cumulative, and could not have influenced the jury in the least to the prejudice of appellant, or in any way changed the result.  *Roussin v. Ins. Co.,* 15 Mo. 245; *Wilson v. Board of Ed.,* 63 Mo. 137; *Wilkerson v. Allen,* 67 Mo. 502; *Keen v. Watson,* 39 Mo. App. 165; *Barr v. Armstrong,* 56 Mo. 577; *Spriva v. Min. Co.,* 88 Mo. 68; *In re Bishoff v. Stumpf,* 10 Mo. App. 474; *Brown v. Wright,* 15 Mo. App. 406; *Goek v. Railroad,* 15 Mo. App. 598; *Morgan v. Wood,* 38 Mo. App. 255; *Chaflin v. Sommers,* 39 Mo. App. 419.   (2) Instructions 1 and 2, given on behalf of plaintiffs were clearly right and properly stated the law.

GILL, J.—This is an action on account for one barrel of whiskey sold by plaintiffs to defendants.

In April, 1888, one Currier owned and conducted a saloon at Bigelow, Missouri.   Evidence on part of plaintiffs tends to show that Currier then sold his property and business to defendants Cropp and Grosbeck; but, in order to take advantage of the license issued to Currier, and which had not expired, Cropp

and Grosbeck run the business for several months in the name of Currier. During this time, plaintiffs, who were engaged in the wholesale liquor business at St. Joseph, sold the barrel of whisky and charged it to Currier, believing that he, Currier, was still the proprietor of the saloon. The whiskey, however, was in fact purchased by Cropp and was taken and used in the saloon. Plaintiffs first sued Currier; but subsequently discovering the facts above stated, they dismissed that suit and instituted the present action against Cropp and Grosbeck.

Cropp made no defense; admitted the purchase, and testified that the saloon was the joint property of himself and Grosbeck, and that they, as partners, conduced the business—though at the request of Grosbeck, his (Grosbeck's) name was to be kept quiet, or, to use the expression of the witness, he (Grosbeck) was "to be the still man in the business." Grosbeck denied that he was a partner of Cropp's in the saloon business, and claimed that he only stood as a security, or assisted Cropp in starting the business. The sole issue was whether or not Grosbeck was a partner of Cropp in the business. On trial before court and jury, there was a verdict and judgment against Grosbeck, and he has appealed.

I. The first complaint relates to the court's action in excluding a certain deposition of one of the plaintiffs, taken in the abandoned suit of *Martin & Sheridan Brothers v. Currier*, which defendant claimed the right to introduce as an admission in writing against the plaintiffs.

While it is the rule in this state, as shown by authorities cited by defendant's counsel, that a deposition of a party to a cause, may be read in evidence against him in another action, as an admission (*Priest*

*v. Way*, 87 Mo. 16), yet no harm is shown by a rejection of the deposition in controversy, since we are not advised as to its contents and whether or not it was material. The record fails to disclose anything as to the scope or nature of the paper offered, so that we might determine its materiality or competency. If the purpose was to show that the plaintiffs had sued Currier (another party) on this same account, and had sworn that Currier had bought the goods, then the admission of the deposition would have been of no service to defendant, since the plaintiffs themselves testified to the same effect at the trial of the present action.

Defendant, then, has failed to show any reversible error in this matter.

II.   Further objections are made as to the character of the court's instructions.   It is said that instruction number 1, given at plaintiffs' request, did not correctly define the copartnership.   It reads as follows: "The jury are instructed that the plaintiffs sue defendants Cropp and Grosbeck for the sum of $85.50, for one barrel of whiskey alleged to have been sold by plaintiffs to defendants.   Plaintiffs further allege that, at the date of the alleged sale, the defendants were partners.   If the jury believe from the evidence that, on or about the sixteenth day of April, 1888, the defendants Cropp and Grosbeck purchased a certain saloon and fixtures of one Currier, and that it was agreed between said Cropp and Grosbeck that they would continue the business, sharing its profits and losses, and they further believe that the said whiskey was purchased by Cropp to be used and was used in said business, then you should find for the plaintiffs and assess their damages at the purchase price of said whiskey, together with six per cent. from the commencement of this suit, to wit, June 27, 1891."

In assailing this instruction, counsel avail themselves of the oft-repeated statement from our courts, that "a mere participation in the profits and loss does not necessarily constitute a partnership beween the parties so participating." *Kelly v. Gaines*, 24 Mo. App. 506, and cases cited. We find no fault with this statement of the law, and yet it must be admitted that proof of a joint participation in the profits and losses of a business is generally potent evidence of a partnership. As to whether or not there is a partnership *inter se* depends upon the intent of the parties. It is a matter of contract. It would be difficult, if not impossible, to state any one fact or facts, or any number of circumstances, that would, in all cases, be decisive of the question whether or not a partnership existed. The facts or circumstances in each case must control.

There is, however, I think, no test so generally correct as that of a community of interest in the profits and losses of the venture. Bates, in his work on Partnership, says: "An agreement to share in the profit and loss of a business or adventure shows an intention to create a partnership, unless such evidence of intention is controlled by stipulations, or interpreted by conduct inconsistent with it. Where the goods or material, or the money wherewith to buy them, are contributed by all and are joined in a common stock, and are to be used or disposed of for joint benefit, with an agreement for a division of profit and loss this constitutes a partnership." Secs. 25, 26. "But," says the same author, "an agreement to share profit and loss does not *absolately* constitute a partnership, as a conclusion of law; *if other circumstances show that no partnership was intended or created, they will control.*" Sec. 29. Numerous definitions by different authors as to what constitutes this relation are collated in Lindley on Partnership, p. 2, *et seq*. See, also, Collyer's Law

of Partnership, sec. 2, and Story on Partnership, sec. 2.

So, then, I should say, if defendant Grosbeck joined Cropp in the purchase of the saloon, fixtures and stock, and by agreement they took charge thereof and conducted the same for their common profit or loss, then they were, in the proper sense of the term, partners. Such an agreement, in the absence of qualifying or contradicting circumstances, clearly showed the existence of a partnership, and the court, therefore, in that regard, correctly instructed the jury.

The case was fairly tried; the evidence warranted the verdict, and the judgment will be affirmed. All concur.