ALICE M. WALKER, Appellant, v. C. W. DOBBINS AND CENTRAL MISSOURI TRUST COMPANY, Respondents.

Kansas City Court of Appeals, January 2, 1911.

1. **TAXBILLS: Equity.** In suit in equity to cancel special tax-bills, where the evidence is conflicting and on the face of the record well balanced, this court is disposed to defer to the judgment of the trial judge, who possessed the distinct advantage of receiving impressions from observing the demeanor of witnesses on the stand and their manner of testifying.

2. ————: **Public Improvements.** Sections 6266, 6267 and 6268 Revised Statutes 1899, gives to cities of less than ten thousand inhabitants, organized under a special charter, the power to cause streets of the city to be paved. This general power vested in the council the right to determine the character and extent of the improvements that should be made. The charter does not require the entire width of the streets to be paved. Such matters are left to the judgment of the municipal authorities.

Appeal from Cass Circuit Court.—*Hon. Nick M. Bradley,* Judge.

AFFIRMED.

*Paxton & Rose* for appellant.

(1) The work was not done in substantial compliance with the ordinance, and the taxbills were therefore void. (2) Only two schemes for paving a street were open to the city of Pleasant Hill, by one the whole improvement must be charged against the property owners, and by the other part of the cost of the improvement may be paid by the city and part taxed against the property owners, whereas by the proposed plan part of the improvement was to be made by outside parties and part to be taxed against the property owners, a patchwork scheme not provided for by the statute. R. S. of 1899, sec. 6266, 6267, 6268; Knapp

v. Kansas City, 48 Mo. App. 485; St. Louis v. Tel. Co., 96 Mo. 623; Dougherty v. Excelsior Springs, 110 Mo. App. 623; Joplin v. Jacobs, 119 Mo. App. 134; City of Kirksville ex rel. v. Coleman, 103 Mo. App. 215. (3) The four foot strips, considered by themselves, would have been absurd, a mere waste of money, and tax-bills issued for them alone would have been void. White v. Railroad, 44 Mo. App. 540; Skinker v. Heman, 148 Mo. 349. (4) North rock road was not yet made, and the city of Pleasant Hill had no power to cause it to be constructed. Dobbins held the contract for the making of the north rock road, and hence was the only man who could bid on the strips, because no one else could have any assurance that north rock road would ever be made or that the four foot strips would ever be of any value. Hence the plan shut off any competition in the bidding and made the taxbills void. Schoenberg v. Field, 96 Mo. App. 241; Excelsior Springs v. Ettenson, 120 Mo. App. 215.

*A. A. Whitsitt, C. W. Dobbins* and *Silver & Dumm* for respondents.

(1) As to the first proposition that the work contemplated was not substantially performed. Ever since the decision by the Supreme Court of the case of Cole v. Skrainka, it has been the rule in this state that a substantial compliance with the requirements of the contract is sufficient to sustain special taxbills for street improvement. Cole v. Skrainka, 105 Mo. 303. In an action to set aside and cancel a special tax assessment, the burden is on the plaintiff to show and establish its invalidity. Lasburger v. McLaguire, 57 Neb. 220; Elliott on Roads and Streets (1 Ed.), p. 443. (2) In an equity case where the matters at issue are largely dependent on the oral testimony of interested witnesses, some deference should on appeal be extended to the finding of the chancellor who heard the par-

ties testify, saw their demeanor on the witness stand
and read their facial expressions.  South Mo. Pine,
etc., Co. v. Crominer, 202 Mo. 504; Jones v. Brolaski,
218 Mo. 508; Huffman v. Huffman, 217 Mo. 182; Phil-
lips v. Trust Co., 204 Mo. 670; Carr v. Brolaski, 127
Mo. App. 279. (3) But even if the opinion of the court
should be adverse to us on the foregoing proposition,
still plaintiff cannot prevail on this appeal on the
ground that the contractor did not substantially com-
ply with his contract in the performance of the work.
This is an equitable action to cancel the special tax-
bills in question, and the evidence clearly showing that
the improvement, taking in connection with the sixteen
foot improvement, was of some value, not valueless or
worthless, as charged in plaintiff's petition, plaintiff
has no remedy in this proceeding (in the absence of the
tender of the reasonable value of the work) even if the
work fell below the standard required by the law.
When sued on the special taxbill she can defend pro
tanto.  Creamer v. Bates, 49 Mo. 523; Meyer v. Wright,
19 Mo. App. 283.

JOHNSON, J.—This is a suit in equity to cancel
special taxbills issued against property of plaintiff
by Pleasant Hill, a city of less than ten thousand in-
habitants, organized under a special charter.  In 1908,
citizens of Pleasant Hill formed an organization for the
purpose of macadamizing a public road from a point
in the city to the Jackson county line.  The route se-
lected included parts of public streets in the city, among
them the street in front of plaintiff's property.  Funds
were subscribed by the members of the organization
sufficient to macadamize a roadway sixteen feet wide
and a committee appointed for that purpose attend-
ed to letting the contract and supervising the work.  De-
fendant Dobbins was the successful bidder and a con-
tract was made with him which required him to  grade

a way twenty-four feet wide in the streets and to macadamize a space sixteen feet wide in the middle. Before any work was done under this contract, the city council decided to widen the macadam four feet on each side and to provide for the payment of such additional improvement by issuing special taxbills as provided in sections 6266, 6267 and 6268, Revised Statutes 1899. An ordinance providing for the improvement was passed, an advertisement for bids was made and defendant Dobbins was the successful and, in fact, the only bidder.

The city entered into a contract with him which, conforming in every way to the requirements of the ordinance, required him to construct the additional strips of macadam of the same material and specifications as those specified in the contract between the citizens and the contractor for the sixteen feet roadway. In short the council, acting on the belief that the additional travel in the city called for a wider pavement than that required for the country travel attempted to provide a suitable pavement for all reasonable and probable uses. The contractor, as was contemplated, treated both contracts as providing for a single improvement by grading and macadamizing a roadway twenty-four feet wide. The citizens' committee paid him in accordance with their contract and the city accepted the improvement and issued taxbills in payment of the part of the work authorized by its ordinance and contract.

There are three grounds on which plaintiff bases her contention that the taxbills are invalid, viz: First, that the work was not done in substantial compliance with the specifications in the ordinance and contract; second, that the city had no power to provide for the laying at the expense of the property owners of two narrow strips of macadam, of themselves, of no use as roadways for vehicles; and, third, that under the peculiar circumstances of the situation, competitive

152 App—18

bidding was impossible and the plan pursued opened the door to favoritism and fraud.

We shall dispose of these attacks on the taxbills in the order of their statement.

I. Plaintiff adduced much evidence of a substantial character tending to show that the different layers of stone and gravel were not of the thickness and quality required by the specifications. On the other hand, the evidence of defendant strongly tends to show a substantial compliance with the contract. The burden of proof was on plaintiff and we are not satisfied from a careful reading of the record that she has sustained her burden. Being an equity case we have the right to weigh the evidence and, if we think proper, to disregard the findings of the trial court on issues of fact. But where the evidence is conflicting and, on the face of the record, well balanced, we are disposed to defer to the judgment of the trial judge who possessed the distinct advantage of receiving impressions from observing the demeanor of witnesses on the stand and their manner of testifying. In Jones v. Thomas, 218 Mo. 1. c. 540, the Supreme Court, speaking through Judge Woodson, say:

"Where the evidence introduced by the respective parties is contradictory and conflicting, this court has repeatedly held that since the circuit court has the witnesses before it, and the opportunity of observing their demeanor upon the witness stand and their manner of testifying, it is in a much better position to judge of the credibility of the witnesses and the weight to be given to their testimony than is this court. And in equity cases, where this court has the right to review and weigh anew the evidence, the usual practice is to defer largely to the findings of the trial court on all issues of fact, and will refuse to disturb the judgment of the trial court on the ground that the findings are against the weight of the evidence. [Brecker v. Fillingham, 209 Mo. 1. c. 583; Tinker v. Kier, 195

Mo. 183; Huffman v. Huffman, 217 Mo. 182.] This last case has drawn the rule much harder than any previous case to which my attention has been called, and in fact much stronger than I ever understood the rule to be, but as it has the support of the Court in Banc, it must be accepted as binding authority in this case.''

And, aside from this rule, we have no hesitation in resolving the issue in favor of defendants. The evidence is quite evenly balanced but the significant facts that the citizens' committee paid for their part of the improvement without objection from any of the members of the organization, and that some of plaintiff's best witnesses were members and contributors persuades us to the belief that the work was fairly well done.

II. We think the sections of the statutes we have quoted gave the city the power to authorize and order the improvement. ''The council had power to cause the streets of the city to be paved. This general power vested in the council the right to determine the character and extent of the improvement that should be made. The charter does not require the entire width of the streets to be paved at the cost of the property owners. Such matters of detail are properly left to the judgment of the municipal authorities.'' [Springfield v. Weaver, 137 Mo. 669; Moran v. Lindel, 52 Mo. 229.]

The city could pave as much of the street at the cost of the property owners as it deemed essential and, afterward, on finding that the roadway was too narrow, could widen it at the cost of the property owners. This being true, on what principle or consideration of public policy should the city be denied the authority of receiving aid from public spirited citizens who are willing to pay for a large part but not all of the necessary street improvement?

We hold that the city acted within the scope of the powers conferred on it by the statute.

III.   There is no merit in the argument that the door was opened unduly to favoritism on the ground that the plan of the improvement discouraged competition.   The citizens' contractor had an advantage, we concede, but it was   legitimate advantage of his own creation and not one secured to him in any way by or through the municipal officers.   He was in no position to demand more for the city's work than its reasonable value and if, by reason of being on the ground, he could underbid other contractors, the property owners could not be injured by his advantage. Certainly he could do the work at less cost then than at any other time and it is reasonable to say that the city acted wisely in having all the work done at one time instead of waiting until after the completion of the part contracted for by the citizens.

The judgment is affirmed.   All concur.