J. Y. JONES, Respondent, v. J. B. STEVER, Appellant.

Springfield Court of Appeals, April 3, 1911.

1. PARTNERSHIP: Agreement for Purchase and Sale of Mules:
Sufficiency of Evidence.   Plaintiff sued defendant for an ac-
counting and to recover from defendant a balance due under an
alleged agreement between the parties covering the purchase
and sale of mules, whereby defendant was to furnish the capital
to buy the mules and plaintiff was to feed and take care of
them at his stables, and upon sale of the mules the proceeds
were to be used to reimburse defendant for money paid for the
mules and plaintiff for the expense of feeding and taking care
of them, after which the profits were to be divided.   There was
in fact an actual loss.   Defendant claimed that plaintiff was
not to receive anything for feeding and taking care of the
mules, other than his share of the prospective profits.   The
evidence is examined and *held* sufficient to show a partnership
agreement and that the trial court was justified in finding the
issues for plaintiff.

2. ——: Determined by Facts in Each Case.   No general rule
can be laid down which will determine the question of partner-
ship, but each case must in a great measure be governed by the
facts and circumstances surrounding it.

3. ——: Express Agreement to Show Loss Not Necessary.   To
constitute a partnership the contract need not expressly pro-
vide that the parties shall share the losses of the enterprise.

4. APPELLATE PRACTICE: Equity: Deferring to Finding of
Trial Court.   In an equity case the practice is for the appellate
court to defer largely to the finding of the trial court.

Appeal from Greene Circuit Court.—*Hon. Alfred Page,*
Judge.


AFFIRMED.


*Hamlin & Seawell* for appellant.

The rights of the party must be deduced from their
intention as shown by the agreement read in the light
of surrounding circumstances, and it is well settled that
the mere participation, by one, in the proceeds of a trans-

action or business does not per se constitute him a partner therein. Thomson v. Holden, 117 Mo. 128; Mingus v. Bank, 136 Mo. App. 407; Beller v. Murphy, 139 Mo. App. 668.

*George Pepperdine* and *Val Mason* for respondent.

It is a conceded fact in the case that appellant and respondent were to share profits. This is the principal indicia of a partnership, and raises the presumption that one existed. Which presumption prevails unless counteracted and rebutted by other facts and circumstances. Torbert v. Jeffrey, 161 Mo. 645; Lengle v. Smith, 48 Mo. 276; Nugent v. Packing Co., 208 Mo. 496; Steckman v. Bank, 126 Mo. App. 644; Dry Goods Co. v. Diment, 132 Mo. App. 616. (2) A community in losses is a necessary corollary of a participation in profits, hence an agreement to share profits is an agreement to share losses, and a partnership can be founded on such agreement alone. Whitehill v. Stickle, 43 Mo. 537. (3) The fact that one party is to perform one service connected with the business, and the other party is to perform another service connected therewith and the fact that one party furnishes all the capital or money and the same is to be returned to him do not militate against the existence of a partership but are ordinary incidents of one. Torbert v. Jeffrey, 161 Mo. 645.

GRAY, J.—The plaintiff filed his petition in the circuit court of Greene county for an accounting and to recover of and from the defendant the amount found to be due plaintiff on such accounting.

The plaintiff claims that in October, 1909, he was engaged in buying, selling, feeding and dealing in stock at Springfield; that he entered into a contract with the defendant whereby it was agreed that certain mules should be purchased by the parties, and that the defend-

ant should furnish, for that purpose, the money necessary, and should also keep an account of his actual expenses in making the purchases; that the mules should be kept at plaintiff's stable and fed and cared for by him, and disposed of by the parties: that after the sale the proceeds arising thereform should be used to reimburse defendant for the moneys paid for the mules, and the plaintiff for feeding and taking care of the same; that the expense of purchasing and taking care of the property was to be shared by the parties in equal proportion, and after the payment of all of such items, the profits arising, if any, were to be divided between the parties.

The defendant contends that he was to purchase the mules, and that plaintiff was to feed and care for them, and when they were sold, defendant was to be repaid for the purchase price, and any sum remaining was to be divided equally between the parties. In other words, the defendant contends that plaintiff was not to be reimbursed for feeding and taking care of the animals.

There were purchased 184 mules, and the total outlay of defendant therefor was in round numbers, $30,000. The defendant's feed bill was about $1060. The mules were sold, but did not bring enough to reimburse the parties for their expenditures, but there was a net loss of $357.45.

The case was tried on the 17th day of May, 1910, and the court made a finding of facts to the effect that the defendant was to purchase the mules and deliver them to plaintiff's barn at Springfield, and to furnish the purchase price thereof; that plaintiff was to keep the mules in his barn and feed and care for them until sold; upon the sale, the defendant was to receive back all money expended for the mules, and all expenses incurred by him in their purchase, and that plaintiff was to receive the expenses of keeping the mules in his barn, and the net profits resulting from the transaction were then to be divided equally between the parties. The

court further found that nothing was said in the agreement as to the sharing of any loss which might result from the enterprise; that the parties were partners in the transaction and the losses should be borne equally; that thirty cents a day per head, was a reasonable price for feeding and caring for the mules, and rendered judgment in favor of the plaintiff for $400.67.

The only question to be determined is: Is the finding of facts supported by the evidence? The plaintiff testified in his own behalf and the finding of facts by the court are in harmony with his testimony. In addition to his own testimony, he offered the testimony of two witnesses who testified they had a conversation with the defendant about one of the mules he had sold; that the defendant said he had sold the mule for thirty-five dollars more than he had paid for it, and asked one of them to figure what the mule had cost him while in the barn, and basing the cost at thirty cents a day.

The defendant testified that he was to furnish the money and buy the mules, and plaintiff was to put in his time and feed against the use of the money, and whatever the mules sold for above the amounts expended by defendant, was to be divided equally between the parties. The trial court found against the defendant on this issue.

The apppellant caims the evidence does not support the plaintiff's contention as to the terms of the contract. And further claims his contention is supported by the following testimony given by plaintiff while on the stand in his own behalf. "He was to furnish the mules and put them in the barn and I was to furnish the feed and furnish the work that I could do and sell the mules as much as I could and when we got through we were to divide the profits."

Appellant claims by this testimony it is shown that plaintiff was not to have pay for the feed he furnished. We fail to see the force of this contention. In the

same answer of the witness he also states that defend-ant was to furnish the mules and put them in the barn. It will not be contended that plaintiff meant by this that defendant was to furnish the mules free of charge. We think his testimony fairly construed, means the defendant was to furnish the money to buy the mules and plaintiff was to furnish the feed and care for them and help sell them, and they were to divide the profits in the enterprise.

The above answer of the plaintiff is not all of his testimony on the point. He also testified that he was to have pay for his feed, and from the time each mule came into the barn he kept a book, which defend-ant knew about, showing the number of days' feed he furnished.

Were the parties partners? When we say a partner-ship is a relation created by the contract of parties, we are not in conflict with any authority on the subject. But it is difficult to add anything to this definition that will be in harmony with all the authorities.

In Langley v. Sanborn, 114 N. W. 787, the court said: "An accurately inclusive and exclusive defini-tion of partnership seems to have eluded the capacity of courts to express." And in Fletcher v. Palm Bros., etc., 133 Fed. 462, the court said: "It is not very pru-dent to define a partnership." In Thillman v. Benton, 82 Md. 64, 33 Atl. 485, the Supreme Court of Maryland said: "We shall not attempt to define what is a part-nership, for it would be a very difficult matter. In his very able treatise on Partnership, Mr. Justice Lindley gives fifteen definitions from text writers and judges, and it is not too much to say that no two of them ex-actly agree." Mr. Bates, in his work on Partnership says: "A partnership is the contract relation subsist-ing between persons who have combined their property, labor, and skill in an enterprise or business, as princi-pals, for the purpose of joint profit." The Supreme Court of Wisconsin said of this definition: "But this

definition is far too limited to stand the test of practical application. There need be no combining of property. Neither need there be combining of skill or labor, for this, too, may be the contribution of only one partner." [Langley v. Sanborn, 114 N. W. 787.]

Our own Supreme Court has declared that no general rule can be laid down that will determine the question of partnership, but each case must, in a great measure, be governed by the facts and circumstances surrounding it. [Priest v. Chouteau, 85 Mo. 398.] "It would be difficult, if not impossible," said the court in Martin v. Cropp, 61 Mo. App. 607, "to state any one fact or facts, or any number of circumstances, that would, in all cases, be decisive of the question whether or not a partnership existed. The facts or circumstances in each case must control."

In Mackie v. Mott, 146 Mo. l. c. 254, 47 S. W. 897, our court said: "It is a question of intention on the part of the alleged partners and is one which the triers of the fact will have to determine upon all the circumstances proved. Each case must be determined by its own peculiar facts. It is not we think absolutely necessary in order to constitute a partnership in the net proceeds arising from the management and improvement of real property that each member of the partnership should have the power of disposal of the property."

It is not necessary that the contract expressly provides that the parties shall share the losses of the enterprise. [Torbert v. Jeffrey, 161 Mo. 645, 61 S. W. 823.] In the same case the court said: "When one party contributes the capital and the other the labor, skill or experience for carrying on a joint enterprise, such a combination constitutes a partnership unless something appears to indicate the absence of a joint ownership of the business and profits."

If the plaintiff's testimony is true, he had an agreement with the defendant by which the latter was to furnish money to buy mules, and the mules were to be

kept in plaintiff's barn and the plaintiff was to furnish the feed and perform the labor necessary to care for the animals. When they were sold the amounts paid for them, together with the expenses of defendant in making the purchase and the expense for caring and feeding the animals, were to be deducted, and the profits divided. This arrangement, if entered into, justified the trial court in finding that the parties were partners. [Steckman v. Galt State Bank, 126 Mo. App. 666, 105 S. W. 674; Torbert v. Jeffrey, 161 Mo. 645, 61 S. W. 823; Lengle v. Smith, 48 Mo. 276.]

While we have treated this case as one in equity, yet the evidence is contradictory and conflicting, and the witnesses were before the trial court, who had the opportunity to observe their demeanor upon the witness stand. Under such circumstances, the practice is to defer largely to the findings of the trial court, and to refuse to disturb the judgment of that court on the ground that the findings are against the weight of the evidence. [Bigham v. Tinsley, 130 S. W. 508; Jones v. Thomas, 218 Mo. 508, 117 S. W. 1177; Walker v. Dobbins, 133 S. W. 387.] The judgment will be affirmed. All concur.